**Charles James SEAL, Administrator of the Succession of Benton Lee Seal, Plaintiff,**

**v.**

**PIPELINE, INC., Defendant.**

**Ray W. BRELAND, Jr., Intervenor-Appellant,**

**v.**

**Morris BART, III and John M. Robin, Appellees.**

No. 84–3196

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 11, 1984.

Ray W. Breland, Jr., Bogalusa, La., for intervenor-appellant.

Morris Bart, III, New Orleans, La., pro se and for appellees.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

POLITZ, Circuit Judge:

We again consider this appeal from an award of attorney's fees. We dismissed the prior appeal for failure of compliance with the separate writing requirement of Fed.R.Civ.P. 58. 724 F.2d 1116 (5th Cir. 1984). That oversight has been rectified and the appeal is now properly before the court.

Injured while working as a seaman, Benton Lee Seal retained counsel and sought damages under the Jones Act and general maritime law. Seal sequentially hired three attorneys, executing, with each, a retainer agreement providing for a contingency fee of 40%. The third attorney negotiated a settlement for $225,000. The attorneys were not able to agree on an apportionment of the $90,000 fee and the matter was referred to a magistrate. Upon the magistrate's recommendation, the district court ordered a distribution of $7,500 to Ray W. Breland, Jr., $11,700 to Morris Bart, III, and $70,800 to John M. Robin. Breland appeals.

The magistrate limited Breland's recovery to *quantum meruit* because his employment contract with Seal did not specifically assign to him an interest in the subject matter of the suit. Finding the contract inconsistent with La.R.S. 37:218, the magistrate concluded that it did not entitle Breland to recover his fee under the holding of the Louisiana Supreme Court in *Saucier v. Hayes Dairy Products, Inc.*, 373 So.2d 102 (La.1979). Finding the contracts of Bart and Robin in compliance with R.S. 37:218, the magistrate recommended a recognition of their privilege on the settlement proceeds to the extent of their earned fees and suggested a percentile apportionment between them of the total fee, less the payment to Breland.

## Analysis

The question posed on appeal is whether Breland, whose contract of employment does not technically conform with R.S. 37:218, is entitled to any recovery beyond *quantum meruit.* Breland contends that an attorney who is discharged without cause is entitled to recover the fees earned under the contract whether the contingent fee contract fully comports with R.S. 37:218 or not. We look to Louisiana statutes and jurisprudence for assistance in the resolution of this issue.

The benchmark Louisiana case involving apportionment of attorneys' fees when the client executes multiple contingent fee contracts, at each step dismissing the prior counsel, is the *Saucier* case. In *Saucier,* an attorney was discharged without cause prior to trial. The client retained a second attorney who concluded the matter by a compromise settlement. The first attorney sought recovery of the full contingency fee as set forth in his contract, a contract which was in conformity with R.S. 37:218. On initial hearing the Supreme Court of Louisiana agreed, effectively ruling that the recovery would be subject to two contingency fees, each for one-third of the amount recovered by settlement. On rehearing the Louisiana justices retrenched and held that in such instances:

> [W]e conclude that only one contingency fee should be paid by the client, the amount of the fee to be determined according to the highest ethical contingency percentage to which the client contractually agreed in any of the contingency fee contracts which he executed. Further, that fee should in turn be allocated between or among the various attorneys involved in handling the claim in question, such fee apportionment to be on the basis of factors which are set forth in the Code of Professional Responsibility.

373 So.2d at 118. Having reached this conclusion, the majority opinion continued:

> The amount prescribed in the contingency fee contract, not quantum meruit, is the proper frame of reference for fixing compensation for the attorney prematurely discharged without cause.

Breland maintains that *Saucier* compels an apportionment of the total fee based on the factors recognized in the Code of Professional Responsibility. We agree. The magistrate's recommendation exalts form over substance. The dispute before the

court is not one between a client and an attorney over the validity of an employment contract or the setting of a fair fee. The fee has been found fully earned and appropriate, albeit on the high side of this court's preference. The sole issue is apportionment of the earned fee between the lawyers who earned it.

The magistrate chose to apportion the fee as between Bart and Robin, allowing Bart 13% and awarding the balance to Robin. Breland, the first attorney employed, was compensated exclusively on a *quantum meruit* basis. We find that disparate treatment inappropriate under the circumstances of this case.

 The scenario of seriatim attorneys is regrettable, but as the magistrate found, Breland and Bart were discharged without cause. Each was retained by Seal to assist in the recovery of damages for his injuries. Each undertook the same professional obligations. Each had the same 40% contingent fee agreement. Each contributed to the ultimate result. Each is entitled to the same evaluation of his contributions and professional efforts, measured by the guidelines established by DR 2–106(B) of the Code of Professional Responsibility, regardless of whether his employment contract conforms with exactitude to the dictates of R.S. 37:218.

Awarding and approving fees is a part of the inherent power of the court to regulate the professional conduct of attorneys appearing before it. *Schlesinger v. Teitelbaum*, 475 F.2d 137 (3d Cir.), *cert. denied*, 414 U.S. 1111, 94 S.Ct. 840, 38 L.Ed.2d 738 (1973). In determining an appropriate fee allocation, in a matter involving only the attorneys, the court must achieve an equitable result for the officers of the court who stand before the bar seeking a just apportionment of the earned fee. In such an instance, niceties of contractual interpretation and technical words of conveyances may not impede or prevent the achieving of that just result.

In determining to allow Breland recovery based on *quantum meruit*, the magistrate relied on the decision of the Louisiana intermediate appellate court in *Simon v. Metoyer*, 383 So.2d 1321 (La.App.) *writ denied*, 389 So.2d 1338 (La.1980). The holding in that case is inapposite for that litigation involved an attorney and a client who disputed a fee represented by a promissory note. No contingency fee contract or fee apportionment dispute between attorneys was involved.

The judgment of the district court is REVERSED and the matter is REMANDED for an appropriate apportionment of the $90,000 fee between Breland, Bart and Robin, giving due regard to all of the relevant factors set forth in the Code of Professional Responsibility and any other factor deemed relevant by the district court.