*468
 
 POLITZ, Circuit Judge:
 

 The trustee in bankruptcy appeals a ruling declaring that an attorney’s contingent fee contracts are not part of the bankruptcy estate. Concluding that such fee arrangements are nonassumable executory contracts, we affirm.
 

 Richard A. Tonry, a Louisiana attorney, and his wife Irene J. Tonry filed a voluntary petition in bankruptcy seeking relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701
 
 et seq.
 
 When the petition was filed Tonry had several oral contingent fee contracts. Legal services remained to be performed on each contract. The trustee claimed these contracts as assets of the bankruptcy estate. Tonry challenged the trustee’s position, contending that the contracts were executory and not assumable by the trustee.
 

 The bankruptcy judge found the fee agreements to be nonassumable executory contracts and thus not assets of the bankruptcy estate. On appeal, the district court agreed with the bankruptcy court’s reasoning that the agreements were personal service contracts, which are nonassumable under 11 U.S.C. § 365(c), and therefore not part of the estate.
 

 The filing of a voluntary bankruptcy petition creates an estate under § 541 of the Bankruptcy Code, 11 U.S.C. § 541, composed of “all legal or equitable interests of the debtor in property as of the commencement of the case.” The question presented here is whether an attorney’s contingent fee contract is an asset of this estate. The answer turns on an examination of Louisiana law as it relates to the contingent fee contract and the overlay of pertinent provisions of the Bankruptcy Code.
 

 A contingent fee contract between the client and attorney provides for the retention of the attorney’s services and provides for the compensation of the attorney for the professional services rendered. The attorney agrees to perform certain legal services. In return the client agrees that if the attorney is successful in making a recovery the attorney will receive a portion of that recovery. Typically, if no recovery results no compensation is received by the attorney.
 

 As Justice Tate of the Supreme Court of Louisiana succinctly observed in
 
 Due v. Due,
 
 342 So.2d 161, 165 (La.1977):
 

 [A] contingent fee contract ... involves a mandate or agency by which the client empowers the attorney to act for him. Article 2985 [of the Louisiana Civil Code]
 
 et seq.
 
 The contingent fee contract is thus subject to the rules of mandate, including revocation at the will of the client-principal. (Article 3028;
 
 see, e.g. Foster, Hall, Barret & Smith v. Haley,
 
 174 La. 1019, 142 So. 251 (1932).. ..
 

 The attorney-client relationship involves a personal service contract which, in addition to being terminable at will by the client, is, subject to certain legal and ethical considerations, terminable by the attorney. La.Civ. Code arts. 2007, 3027, 3031;
 
 see e.g.
 
 DR 2-110 and EC 2-32, Code of Professional Responsibility, Article XVI of the Articles of Incorporation of the Louisiana State Bar Association. Such contracts are not subject to specific performance.
 
 Fletcher v. Rachou,
 
 323 So.2d 163 (La.App.1975).
 

 The contingent fee contract comes within the ambit of § 365 of the Bankruptcy Code, 11 U.S.C. § 365, which governs executory contracts. The term “executory contract” is not defined in the code, but according to the legislative history, “it generally includes contracts on which performance remains due to some extent on both sides.” S.Rep. No. 989. 95th Cong.,
 
 reprinted in
 
 (1978) U.S.Code Cong. & Admin. News 1978, 5787, 5844.
 
 See
 
 2 Collier on Bankruptcy, ¶ 365.02 n. 3 (1983). We recognized in
 
 In re American Magnesium Company,
 
 488 F.2d 147, 152 (5th Cir.1974), a bankruptcy proceeding, “that a contract is exec-utory when something remains to be done by one or more of the parties.” We hold today that an attorney’s contingent fee contract is executory if further legal services must be performed by the attorney before the matter may be brought to a conclusion.
 

 Section 365(a) provides that “the trustee, subject to the court’s approval, may
 
 *469
 
 assume or reject any executory contract.” Until the trustee assumes an executory contract, it does not become part of the bankruptcy estate. Unlike other assets of the debtor, the interest in an executory contract does not automatically vest in the bankruptcy estate at the time of filing. That status only attaches upon the trustee’s assumption of the executory contract. 2 Collier on Bankruptcy ¶ 365.01 (1983).
 

 Under § 365(c) the trustee may not assume an executory contract if, under applicable law, the non-debtor party is free to decline performance by the trustee. The clients in the case at bar have that right under Louisiana law. They may decline performance by Tonry at any time and they are not obliged to accept the trustee’s attorney as an alternate. Accordingly, the trustee may not assume these executory contingent fee contracts.
 

 The trustee cites
 
 Due v. Due, supra,
 
 for the proposition that the value of the services performed by Tonry prior to the bankruptcy filing falls into the bankruptcy estate, as, under
 
 Due v. Due,
 
 it falls into the community property regime. Louisiana law regulating the distribution of community property after a separation or divorce decree must yield to the specific provisions of the Bankruptcy Code. Under that Code an executory contract comes into the estate only when assumed by the trustee. The trustee may not assume only a portion, the executory contract must be accepted in its entirety.
 
 See e.g., In re Holland Enterprises,
 
 25 B.R. 301 (D.C.N.C.1982). The trustee may not assume that portion which yet remains to be done. These contingent fee contracts form no part of the Tonry bankruptcy estate.
 

 AFFIRMED.