**Jean O. TURNER, Trustee,
Plaintiff–Appellee,**

v.

**Gregory J. AVERY and Kathleen R.
Avery, Defendants–Appellants.**

No. 90–3614.

United States Court of Appeals,
Fifth Circuit.

Nov. 27, 1991.

Rehearing Denied Dec. 26, 1991.

Pierre V. Miller, II, R. Patrick Vance, Jones, Walker, Waechter, Poitevent, Carrer

& Denegre, New Orleans, La., for defendants-appellants.

Emile L. Turner, Jr., Turner, Young & Hebbler, New Orleans, La., for plaintiff-appellee.

Before REAVLEY, POLITZ, and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

The bankruptcy court, affirmed by the district court, ruled that the fees earned by an attorney-debtor, pursuant to contingent fee contracts, fell within the bankruptcy estate and, because the debtor failed to prove which portion of the fees were earned prior to the filing of the bankruptcy petition, the entirety of the fees were to be turned over to the trustee. In this the courts *a quo* erred. Contingent fee contracts are nonassumable executory contracts that do not become a part of the bankruptcy estate. Only that portion of the contingent fee contract earned prior to the filing of the bankruptcy petition falls into that estate. Accordingly, we vacate the judgment of the district court and remand this matter to the bankruptcy court for further proceedings consistent herewith.

## Background

In 1982 Gregory Avery and Ray Orrill formed a partnership for the practice of law. The partnership continued until May 1, 1985 when it was mutually dissolved. Prior to the termination Avery and Orrill drew up a master list of clients and assigned the cases to the partner who previously had the primary responsibility to and for the particular client. As of May 1, 1985 they began practicing as sole practitioners, each began paying his share of the common overhead expenses, individually advancing all of the expenses on cases received in the division of former partnership matters, and accepting new clients separate and discrete from the old partnership and former partner.

Because some partnership debts remained on the date of dissolution, Avery and Orrill maintained one partnership bank account for the sole purpose of paying these debts as they matured. The account was funded by depositing therein 10% of the proceeds received from former partnership contingent fee cases with the understanding that if any balance existed after all debts were paid it would be divided equally between the two former partners.

On May 22, 1985 Avery and his wife filed a petition under Chapter 7 of the Bankruptcy Code. On the appropriate schedule of their bankruptcy petition they listed their interest in the former law partnership but estimated its value to be zero dollars. Following an investigation the trustee challenged the evaluation and brought an action against Avery seeking to bring into the bankruptcy estate the totality of all fees received from all contingent fee cases completed after the bankruptcy petition was filed.

The bankruptcy court found that the bankruptcy estate was entitled to receive the entirety of Avery's interest in the former partnership which it defined to include the funds received from the contingent fee cases brought to fruition after the bankruptcy filing. After deducting from the sum sought by the trustee several items found not to be income, the bankruptcy court ordered Avery to pay to the trustee the sum of $436,486.77 plus post-judgment interest. The trustee had unabashedly also sought prejudgment interest which the bankruptcy judge declined to award. Finding that Avery had not adequately proven how much work he had put into the contingent fee cases, the bankruptcy court refused to allow Avery any compensation for his work effort in concluding the cases, by settlement or trial, or any reimbursement for his out-of-pocket expenses. The district court affirmed this ruling and Avery timely appealed.

## Analysis

Both the bankruptcy court and the district court ruled that this court's holding in *In re Tonry*, 724 F.2d 467 (5th Cir.1984),

was inapposite. Both courts erred. The sole issue presented by this case is the question of entitlement to fees generated by Avery in the completion of contingent fee contracts which predate his filing in bankruptcy where the securing of the representation and some of the work occurred prior to the filing and some of the work, including closure and distribution of proceeds, occurred after the bankruptcy filing. This issue largely is resolved by our holding in *In re Tonry*.

 The issue presented in *Tonry* was whether an attorney's contingent fee contracts formed a part of his bankruptcy estate. We held that a contingent fee contract is an executory contract "if further legal services must be performed by the attorney before the matter may be brought to a conclusion." Id. at 468. Although an executory contract becomes part of the bankruptcy estate when the contract is assumed by the trustee, not all such contracts are subject to assumption. 11 U.S.C. § 365. An executory contract is nonassumable if, under applicable law, any party other than the debtor may decline to accept performance by the trustee. 11 U.S.C. § 365(c)(1)(A). As we noted in *Tonry*, under Louisiana law the clients "may decline performance by [the attorney] at any time and they are not obliged to accept the trustee's attorney as an alternate. Accordingly, the trustee may not assume these executory contingent fee contracts." Id. at 469. It is therefore manifest that attorney contingent fee contracts, as such, do not fall into the bankruptcy estate. That conclusion, however, does not end the inquiry posed by the instant case.

██ The contingent fee contracts in the case at bar were executory because Avery was required to perform services after the bankruptcy petition was filed. Because the contracts were nonassumable as a matter of law they did not form a part of the bankruptcy estate. But it does not follow that the contingent fee contracts had no value to the law partnership as of the date Avery filed for Chapter 7 protection. To the contrary, the contracts on cases subsequently settled or successfully litigated did

have a value on that date. That value is determinable on a *quantum meruit* basis by measuring the value and worth of the legal services performed both before and after the bankruptcy filing. This is not a novel inquiry in Louisiana. Very frequently, as a consequence of the dismissal or withdrawal of counsel, or the death or divorce of a married attorney under Louisiana's community property regime, or the voluntary or involuntary dissolution of a partnership, it becomes necessary to place a value on services rendered under a contingent fee contract as of a certain target date. This assessment has proven to be a "doable" both factually and legally. Perhaps the most typical example of a *quantum meruit* division of attorney's fees results from the situation where one attorney begins representation which is completed by a second attorney. Fair and equitable divisions routinely are reached. *See In re P & E Boat Rentals, Inc.*, 928 F.2d 662 (5th Cir.1991); *Saucier v. Hayes Dairy Products, Inc.*, 373 So.2d 102 (La.1978); *Fiasconaro & Fiasconaro v. Orlando*, 342 So.2d 1261 (La.App.1977).

██ Of critical importance in the case at bar is the assignment of the burden of proof. The matter at bar qualifies as a turnover action. As the representative of the bankruptcy estate in a turnover action the trustee has the burden of proving the partnership interest which, in this case, translates to the trustee's obligation to prove the value of the legal services provided in each case *prior* to the date of the filing of the bankruptcy petition. *See* 11 U.S.C. § 323; *In re Goodson Steel Corp.*, 488 F.2d 776 (5th Cir.1974); *In re S.E. Hornsby & Sons Sand & Gravel Co.*, 57 B.R. 909 (Bankr.M.D.La.1986).

### Conclusion

In summary we hold that the contingent fee contracts at issue, as executory contracts, do not fall into the bankruptcy estate, but that fees earned thereon prior to the date of the filing of the bankruptcy petition do. It is incumbent upon the trustee to establish the value of these services.

The judgment of the district court is VACATED and the matter is REMANDED to the bankruptcy court for further proceedings consistent herewith.