**In re Trennis Earl WILLIS, Debtor.**

**Bankruptcy No. 91–61755.**

United States Bankruptcy Court,
E.D. Texas,
Tyler Division.

July 31, 1992.

---

Frank L. Supercinski, pro se.

George Lemon, Winnsboro, Tex., for debtor.

Jim Echols, Saunders, Schmidt & Echols, P.C., Tyler, Tex., Chapter 7 Trustee.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

Comes now before this Court the following Motions: Amended Application for Payment of Attorney's Fees and Expenses; Amended Motion for Approval of Settlement; and Final Hearing on Motion of Frank Supercinski for Relief from Automatic Stay pursuant to regular setting in Tyler, Texas. This opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

### FACTUAL AND PROCEDURAL BACKGROUND

Trennis Earl Willis, hereinafter referred to ("Debtor"), filed for relief under Chapter 7 of the Bankruptcy Code on October 16, 1991. One of the assets in Debtor's case is a personal injury claim in cause no. 90–14–B styled TRENNIS EARL WILLIS v. MICHAEL ARTHUR DYMOND, II and MRS. MAX DERINGTON pending in the 124th District Court of Gregg County, Texas, hereinafter referred to as ("the law suit").

In order to obtain representation in pursuing this law suit, Debtor entered into a contingency fee contract with an attorney named Frank L. Supercinski, hereinafter referred to as ("counsel"). The contingency fee contract authorized counsel to settle or prosecute to judgment Debtor's claims against "Michael Arthur Dymond, II and any and all responsible parties." The contingency fee contract further provided that should the case be settled or prosecuted to judgment counsel would receive forty percent of the proceeds after costs if no appeal was pursued. In the event an appeal was

pursued, the contingency fee contract allowed counsel a fifty percent recovery of the proceeds after deduction for costs. Lastly, the contract provided for Debtor's final consent before finalization of any settlement agreement.

Debtor's injuries allegedly resulted from a vehicular accident during the course of his employment. As a consequence, counsel filed a state law worker's compensation suit against Debtor's employer.[1] The worker's compensation law suit was unsuccessful. Counsel then filed the law suit presently at issue in this case. In pertinent part, this law suit concerns a third party action against the other driver in the accident. While the law suit was pending and the parties were pursuing settlement negotiations, the relationship between Debtor and counsel began to deteriorate. Despite this resulting acrimonious relationship, Debtor apparently authorized counsel to agree to a settlement of the law suit for the sum of $50,000.00.[2] A settlement check in that amount was then forwarded to counsel. However, the settlement agreement was not offered into evidence and the testimony does not indicate that this agreement has been finalized. Shortly thereafter, Debtor filed for relief under Chapter 7 of the Code.

The three motions before the Court; (1) Motion for Relief from the Automatic Stay, (2) Amended Application for Payment of Attorney's Fees and Expenses and (3) Amended Motion for Approval of Settlement all attempt to accomplish the same end result. Counsel is seeking this Court's authorization to recover the sum of $20,000.00 in fees plus $1,523.35 in expenses pursuant to the terms of the contingency

fee agreement along with approval of a disbursement scheme as to the remainder of the settlement funds. Objections have been filed by both Debtor and the Chapter 7 Trustee, hereinafter referred to as ("Trustee"). The Trustee objects that counsel's contingency fee arrangement is an executory contract which has not been assumed by the estate. *See* 11 U.S.C.A. § 365 (West 1979 and Supp.1992). As a consequence, the Trustee maintains that counsel is unable to seek recovery on that basis but must instead file a proof of claim as a general unsecured creditor. The matter was taken under advisement.

## DISCUSSION OF LAW

An attorney's right to compensation pursuant to a contingency fee agreement is a property right determined under applicable state law. *Barnhill v. Johnson,* — U.S. ——, 112 S.Ct. 1386, 1389, 118 L.Ed.2d 39 (1992); *Butner v. United States,* 440 U.S. 48, 54, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). However, notwithstanding counsel's protests, under Texas State law, a contingency fee contract is generally considered to be an executory contract.[3] *Carroll v. Hunt,* 168 S.W.2d 238, 240 (Tex.Comm'n App.1943, opinion adopted); *Brenan v. LaMotte,* 441 S.W.2d 626, 630 (Tex.Civ.App.—San Antonio 1969, no writ); *White v. Brookline Trust Co.,* 371 S.W.2d 597, 600 (Tex.Civ.App.—Amarillo 1963, writ ref'd n.r.e.). It is also generally accepted that an attorney does not receive a legal or equitable interest pursuant to a contingency fee contract until the contingency actually occurs, i.e. a finalized judgment or settlement.[4] *Missouri Pac.*

---

**1.** At the hearing on these motions, Debtor contended that the pursuit of the worker's compensation action was without Debtor's authority. However, this Court notes that the testimony is clear that notwithstanding Debtor's present complaints, Debtor participated fully in the prosecution of the worker's compensation law suit.

**2.** No evidence was presented that would question this Court's assumption.

**3.** The executory nature of a contingency fee contract has been recognized by the Fifth Cir-

cuit Court of Appeals in *Turner v. Avery,* 947 F.2d 772, 774 (5th Cir.1991) and *Matter of Tonry,* 724 F.2d 467, 468 (5th Cir.1984).

**4.** Counsel maintains that the contingency fee contract has effected an assignment of his portion of the recovery on Debtor's cause of action. Admittedly, this Court finds such a determination to be a close call. The Texas Supreme Court stated in *Dow Chemical Co. v. Benton,* 163 Tex. 477, 357 S.W.2d 565, 568 (1962) that "a properly worded contingency fee contract may effect an assignment of part of [a] recovery and a part of [a] cause of action to [an] attorney."

*R.R. Co. v. Austin,* 292 F.2d 415, 419 (5th Cir.1961); *Lee v. Cherry,* 812 S.W.2d 361, 363 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *Carroll v. Hunt,* 140 Tex. 424, 168 S.W.2d 238, 241 (Tex.Comm'n App. 1943, opinion adopted); *White v. Brookline Trust Co.,* 371 S.W.2d 597, 600 (Tex.Civ. App.—Amarillo 1963, writ ref'd n.r.e.); *Brenan v. LaMotte,* 441 S.W.2d 626, 630 (Tex.Civ.App.—San Antonio 1969, no writ); *Dickson v. Morrow,* 256 S.W.2d 239, 241 (Tex.Civ.App.—Eastland 1953, no writ); 7A C.J.S. *Attorney & Client* § 320 at p. 613 (1980). Because there is no evidence before the Court to indicate that the contingent fee agreement between counsel and Debtor has ripened through the finalization of the settlement of the lawsuit, the Court finds that the contingency fee agreement is still executory. Since this executory contract has not been timely accepted by the Trustee pursuant to 11 U.S.C.A. § 365 (West 1979 and Supp.1992) of the Code, the executory contract is deemed rejected. However, this conclusion does not end the Court's analysis.

■ In Texas, it is clear that had the law suit been either reduced to judgment or finalized through settlement counsel would have a lien on the judgment or settlement securing his services. *Tarrant County Hosp. Dist. v. Jones,* 664 S.W.2d 191, 195–196 (Tex.App.—Fort Worth [2nd Dist.] 1984, no writ); *Thomson v. Findlater Hardware Co.,* 156 S.W. 301, 303 (Tex.Civ. App.—Austin 1913, no writ); 7A C.J.S. *Attorney & Client* § 320 at pp. 614–615 (1980) ( [A] recovered judgment gives an attorney retained on a contingent fee basis an interest in the cause of action in the nature of an equitable lien ...). There is also authority for the proposition that generally, "an attorney's lien is paramount to the rights of the parties in the suit, and is superior to other liens on the money or property involved, subsequent in point of time." 7A C.J.S. *Attorney & Client* § 385 at p. 758 (1980). By implication, this could have the effect of defeating the Trustee's 11 U.S.C.A. § 544 (West 1979 and Supp. 1992) avoidance powers. However, since counsel has not demonstrated that his interest pursuant to the contingency fee contract has ripened into a lien against the proceeds, this Court must analyze the proper measure of damages.

■ In Texas, a client is allowed to discharge an attorney with or without good cause. Supreme Court, *Texas Disciplinary Rules of Professional Conduct* Rule 1.15(a)(3) (1992). In the context of an attorney hired under a contingency fee arrangement, a breach of the contingency fee agreement by a client gives an attorney several avenues of recovery. First, if the breaching client can demonstrate that the termination of the attorney's employment was due to good cause the attorney's recovery is limited to the quantum meruit value of the services rendered up until the time of discharge. *Rocha v. Ahmad,* 676 S.W.2d 149, 156 (Tex.App.—San Antonio [4th Dist.] 1984, writ dism'd w.o.j.). Second, an attorney is entitled to treat the contract as rescinded and sue in quantum meruit even if the breaching client has not demonstrated good faith for the termination of the attorney's services. *Id.; Howell v. Kelly,* 534 S.W.2d 737, 740 (Tex. Civ.App.—Houston [1st Dist.] 1976, no writ). The third option available to an at-

In that case, the client agreed in the contingency fee contract to "sell, transfer, assign and convey" to his attorneys a specified interest in his claim. In contrast, the court in *Carroll v. Hunt,* 140 Tex. 424, 168 S.W.2d 238, 239 (Tex.Comm'n App.1943, opinion adopted) found that the failure of the contingency fee contract to assign a present interest in the cause of action to be fatal to the alleged assignee of the claim. In this case, the contingency fee contract, while not providing for a specified interest in the cause of action, states that the Debtor "assigns" counsel his fee out of the "avails of the recovery." This results in an ambiguity of intent which the basic rules of construction require to be construed against the drafter i.e. counsel to find that this contingency fee contract has not assigned a present vested interest in the settlement.

However, even if a properly worded contingency fee contract effects an assignment of the cause of action "the attorney who has received such assignment invariably elects to litigate his interest simultaneously with his client's interest." *Dow Chemical Co. v. Benton,* 163 Tex. 477, 357 S.W.2d 565, 568 (1962). Therefore, in most cases if the client chooses not to pursue the litigation the attorney may not continue the litigation in his own right. *Id.*

torney, provided there has been no showing of good cause for the attorney's termination, is to sue to recover on the contingency fee contract pursuant to its terms. *Mandell & Wright v. Thomas*, 441 S.W.2d 841, 847 (Tex.1969); *Rocha v. Ahmad*, 676 S.W.2d 149, 156 (Tex.App.—San Antonio [4th Dist.] 1984, writ dism'd w.o.j.); *Howell v. Kelly*, 534 S.W.2d 737, 740 (Tex.Civ. App.—Houston [1st Dist.] 1976, no writ). This has the practical effect of allowing an attorney to claim an equitable lien in the final judgment or settlement proceeds.[5] The Fifth Circuit Court of Appeals has recognized and followed, albeit reluctantly, this precedent in the case of *Johnston v. California Real Estate Inv. Trust*, 912 F.2d 788, 788–789 (5th Cir.1990).

■ In this case, counsel is clearly seeking recovery for his services on the basis of the contingency fee agreement. It is also clear that by failing to assume the contingency fee agreement, the Trustee has effectively terminated counsel's employment pursuant to the agreement.[6] There has been no credible showing that would demonstrate that counsel's termination was for good cause. In fact, it is apparent to this Court that the Trustee and Debtor are attempting to maximize the estate for the benefit of all the creditors at the expense of counsel's contracted for fee. Under the facts of this case, such a result is inequitable and will not be condoned.

Had it not been for the efforts of counsel, there would be no controversy for this Court to decide. The existence of this $50,-000.00 settlement provides an opportunity for Debtor to claim an exemption in some portion of the proceeds and a distribution of some sort to Debtor's creditors. It can not be denied that the $50,000.00 in controversy today exists exclusively because of the efforts of counsel. This Court is unaware of any cases allowing or disallowing a discharged attorney, on a prepetition contingency fee contract, in the context of a debtor/client's bankruptcy, to seek recovery of his claim by looking solely to the contingency fee agreement upon the contingency occurring. While this Court is somewhat sympathetic to such an attempt, this Court is equally convinced that such attempts would prove to be problematic.

■ In this case, such an attempt is unnecessary because the dispute among the parties can be resolved by reference to general equitable principles[7] and the common fund doctrine. In pertinent part, the common fund doctrine recognizes that "one who accomplishes the creation of a fund for the benefit of another is entitled to reimbursement therefrom for the reasonable costs thereby incurred ..." *Haynes v. Rederi A/S Aladdin*, 362 F.2d 345, 351 (5th Cir.1966); *Cappel v. Adams*, 434 F.2d 1278, 1279 (5th Cir.1970); *Knebel v. Capital Nat. Bank in Austin*, 518 S.W.2d 795, 799 (Tex.1974). Of course, the mere fact that a fee arrangement is based on a contingency fee contract is not enough to demonstrate unreasonableness of the fees and costs requested.[8]

---

**5.** An executory agreement that an attorney shall receive a certain portion of what is recovered ordinarily does not prior to judgment give him any interest in the claim, although on recovery of the judgment, provided there has been a proper appropriation, it operates as an equitable assignment pro tanto.
7A C.J.S. *Attorney & Client* § 320 at p. 613 (1980).

**6.** Had the contingency fee contract been assumed by the Trustee counsel would have been entitled to seek recovery of his fee as an administrative expense. 11 U.S.C.A. § 503 (West 1979 and Supp.1992).

**7.** [Where] a fund is brought into a court of equity or one governed by equitable principles, through the services of an attorney who looks to such funds alone for his compensation, or from which alone he is entitled to compensation, he is regarded as the equitable owner of the fund to the extent of the reasonable value of his services, and the court administering the fund will intervene for his protection and award him a reasonable compensation to be paid out of the fund. The power of the court to award such compensation out of the fund, is impersonal, and acts only on the res, when within the custody and control of the court. 7A C.J.S. *Attorney & Client*, § 333 at pp. 648–649 (1980). *See also* 11 U.S.C.A. § 105 (West 1979 and Supp.1992) (general equitable powers of the bankruptcy court).

**8.** Conversely, a court is not required to unfailingly apply the terms of a contingent fee contract if its terms and conditions under the cir-

In this case, the Court finds that the application of the common fund doctrine is justified. Counsel is entitled to seek recovery of his attorney's fees out of the proceeds of settlement of the law suit in preference and priority over other claimants rather than as a general unsecured creditor of Debtor's estate. However, for procedural reasons, this Court is unable to grant counsel's requested relief at this time. First, counsel's amended application for payment of attorney's fees and expenses is premature. The evidence indicates that the settlement has not as yet been finalized much less approved by this Court. Accordingly, until such time, counsel's amended application for payment of attorney's fees and expenses must be denied. Similarly, counsel's amended motion for approval of settlement is equally flawed. Counsel has not attached to his motion a copy of the settlement agreement for this Court's consideration. In fact, it is apparent that counsel is not attempting to obtain this Court's approval of the settlement of the law suit, but actually is seeking approval for the distribution of the proceeds of the settlement not only to himself but to other parties. On this point, the Court must agree with the Trustee that this is clearly impermissible. The ultimate distribution of the proceeds of the settlement will be a responsibility properly shouldered by the Trustee. For these reasons, counsel's amended motion for approval of settlement is DENIED. Third, counsel's motion to lift stay is a roundabout attempt to accomplish the same result as counsel's amended motion for approval of settlement. Accordingly, counsel's motion to lift stay must be DENIED.

This Court understands counsel's considerable reluctance to part with the check evidencing the settlement proceeds without first siphoning off his fee. However, it is clear that this check constitutes property of Debtor's estate which must be administered in accordance with the rules and procedures of the Bankruptcy Code. This Court is convinced that counsel is entitled to his fees. Payment can be accomplished by filing an application for payment of his individual fees based on the contingency fee agreement as soon as the settlement is finalized or by including payment of the attorney fees as a matter for Court approval along with the approval of the settlement.

---

cumstances are unreasonable. 11 U.S.C.A. § 502(b)(4) (West 1979 and Supp.1992) (a claim of an attorney should be disallowed if it exceeds the reasonable value of the services); Texas Supreme Court, *Texas Disciplinary Rules of Pro-* *fessional Conduct* Rule 1.04(b) (1992) (giving a nonexclusive enumeration of factors to be considered in determining reasonableness of attorney's fees including whether the fee is fixed or contingent).