**In re Laurence and K. Victoria WATTS, Appellants,**

**v.**

**Randy W. WILLIAMS, Chapter 7 Trustee, Appellee.**

**Civ. A. No. 92–CV–3593.**

United States District Court, S.D. Texas, Houston Division.

March 31, 1993.

Joseph M. Hill, Cage Hill & Niehaus, Houston, TX, for Watts, appellants.

U.S. Bankruptcy Clerk's Office, Houston, TX, U.S. Bankruptcy Clerk—amicus.

Kelly K. McKinnis, McAllen, TX, for cross appellee.

Goforth, Lewis, Scott & Wms., Houston, TX, for Randy Williams—Trustee.

## ORDER

HITTNER, District Judge.

This case represents an appeal of two orders. The first order denied the Trustee's Motion to Approve Compromise of Controversy with Debtor Laurence W. Watts ("Watts"). The second, issued *sua sponte*, prohibited Watts from expending any funds received from pre-petition contingent fee contracts and required him to deposit such funds into the registry of the court pending a determination of the bankruptcy estate's interest. Judge Randolph F. Wheless entered the orders on October 8, 1992, in bankruptcy proceedings styled *In re Lawrence K. Watts,* Bankruptcy No. 92–43288–H2–7.

## I. FACTS

Watts, an attorney, filed for protection under 11 U.S.C. §§ 701–766 ("Chapter 7"). On the date the petition was filed, most of Watts' practice consisted of several hundred contingent fee cases. The Trustee maintained that fees received from these contingent fee agreements were property of the estate. Watts claimed that the contingent fee contracts were executory personal service contracts and thus not property of the bankruptcy estate. Record Exhibit 1 at 6.

In order to avoid protracted litigation and expense, Watts and the Trustee negotiated a compromise which consisted of a fixed fee arrangement. Record Exhibit 7 at 2, 7. Under this arrangement, twelve and one-half percent of the fees earned by Watts on pre-petition cases would be paid to the Trustee for the benefit of the estate. *Id.* at 7. The Trustee filed a motion seeking approval of this compromise on July 23, 1992. Record Exhibit 7. One objection to the motion was filed by creditors Laverne and Jane Cross. Record Exhibit 1 at 10.

After an oral hearing on October 8, 1992, the bankruptcy court rejected the compromise, citing insufficient information by which to evaluate the propriety of the compromise. Record Exhibit 1 at 56–57. The court then ordered, *sua sponte*, that Watts surrender all fees collected pending a determination of ownership interest. Watts and the Trustee seek relief from these orders.

## II. ANALYSIS

### A. *The District Court's Standard of Review*

On appeal, the district court reviews the bankruptcy judge's conclusions of law *de novo*, but findings of fact cannot be set aside unless clearly erroneous. Fed.

R.Bankr.P. 8013; *Jordan v. Southeast Nat'l Bank*, 927 F.2d 221, 223–4 (5th Cir. 1991); *In re Siriani*, 967 F.2d 302, 307 (9th Cir.1992); *In re Bonnett*, 895 F.2d 1155, 1157 (7th Cir.1989). Fact findings are not clearly erroneous if this Court, sitting as a trier of fact, would have weighed the evidence differently. *In re Pannell*, 136 B.R. 430, 435 (N.D.Tex.1992). Rather, the reviewing court must be "left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). In addition, a bankruptcy court's order approving or denying a trustee's application to compromise the controversy is reviewed for an abuse of discretion. *In re Jackson Brewing Co.*, 624 F.2d 599, 602–3 (5th Cir.1980).

*B. The Bankruptcy Estate's Interest in Pre-petition Contingent Fee Contracts*

■ The Court first considers whether the value of services rendered on Watts pre-petition contingent fee contracts is property of the bankruptcy estate. In accordance with *Turner v. Avery*, 947 F.2d 772 (5th Cir.1991) (Politz, J.), *cert. denied*, —— U.S. ——, 112 S.Ct. 2966, 119 L.Ed.2d 587 (1992), this Court affirms the bankruptcy court's implicit holding that the value of these services was property of Watts' estate.

■ In *Turner*, the court held that contingent fee contracts such as the ones at issue here are non-assumable executory personal service contracts under 11 U.S.C. § 365(c) and, therefore, the contracts are

not part of the bankruptcy estate;[1] however, fees earned under the contracts prior to the bankruptcy filing are included in the property of the estate and must be turned over to the trustee. *Turner*, 947 F.2d at 774.

Watts urges that an earlier Fifth Circuit decision, *In re Tonry*, 724 F.2d 467 (5th Cir.1984) (Politz, J.), not *Turner*, applies to the present case. In *Tonry*, the question presented was whether a bankruptcy trustee could assume, as assets of the estate, contingent fee contracts in which legal services remained to be rendered after the bankruptcy petition filing. *Tonry*, 724 F.2d at 468. In *Turner*, the sole issue was the question of entitlement to *fees* generated by a debtor-attorney in the completion of contingent fee contracts in which some of the work occurred prior to filing the bankruptcy petition. *Turner*, 947 F.2d at 774. Thus, in *Tonry*, 724 F.2d at 468, the trustee sought to assume the contracts themselves as assets of the estate at a time when legal services remained to be performed,[2] whereas in *Turner*, the trustee sought to assume fees earned for pre-petition work on completed contracts. *Turner*, 947 F.2d at 773.

In the present case, the issue is whether the estate is entitled to a portion of the contingent fees for work that Watts completed pre-petition. The Trustee does not seek to assume the contracts as property of the estate. *Id.* at 774. Therefore, *Turner* applies rather than *Tonry*.

Watts also urges that *Turner* does not apply because the court applied Louisiana law to determine that attorney's contingent fee awards should be apportioned in *quantum meruit* between the bankruptcy estate and the debtor. The Fifth Circuit dis-

---

**1.** Under 11 U.S.C. § 365(c)(1)(A) the trustee may not assume an executory contract if the non-debtor party is free to decline performance by the trustee. Because the clients were free to decline performance at any time prior to completion and were not obligated to accept the trustee's attorney as an alternate, the contracts were non-assumable as a matter of law and the trustee cannot assume the executory contingency fee contracts as part of the bankruptcy estate. 11 U.S.C. § 365(c) (West 1979 and Supp.1992); *Tonry*, 724 F.2d at 469; *Turner*, 947 F.2d at 774.

**2.** "Under that [Bankruptcy] Code an executory contract comes into the estate only when assumed by the Trustee. The Trustee may not assume only a portion, the executory contract must be accepted in its entirety. *See e.g., In re Holland Enterprises*, 25 B.R. 301 (D.C.N.C.1982). *The Trustee may not assume that portion which remains to be done.*" *Tonry*, 724 F.2d at 469 (emphasis added).

cussed Louisiana law, but that discussion related to *how* interest in the fee could be determined; the court had already concluded that cases subsequently settled or successfully litigated had value on the filing date. *Turner*, 947 F.2d at 774.

■ Even if the court in *Turner* relied on Louisiana law to conclude that the attorney fee had value in *quantum meruit*, the court could have drawn the same conclusion based on Texas law. In Louisiana, an attorney discharged for cause is entitled to reimbursement for services on a *quantum meruit* basis. *Fowler v. Jordan*, 430 So.2d 711, 715 (La.Ct.App.1983). Texas courts have reached the same result. *In re Willis*, 143 B.R. 428, 432–33 (Bankr.E.D.Tex. 1992); *Rocha v. Ahmad*, 676 S.W.2d 149, 156 (Tex.App.—San Antonio [4th Dist.] 1984, writ dism'd w.o.j.). In Louisiana, an attorney dismissed without cause is entitled to apportionment of the total contingent fee. *Seal v. Pipeline Inc.*, 731 F.2d 1194, 1195 (5th Cir.1984). In Texas, the attorney is entitled to treat the contract as rescinded and sue in *quantum meruit* if the client cannot show cause for the dismissal. *Rocha*, 676 S.W.2d at 156; *Willis*, 143 B.R. at 432. In Texas, when both parties assent to the contract's abandonment, the reasonable value of services provided [*quantum meruit*] is the measure of recovery. *Diaz v. Attorney General of State of Texas*, 827 S.W.2d 19, 22–23 (Tex. App.—Corpus Christi 1992, no writ). Thus, were *Turner* based on Texas law, the court could have reached the same result. The Court therefore finds that the value of Watts' services rendered pre-petition on his contingent fee contracts is property of the bankruptcy estate.

### C. Proper Standard for Review of Compromise

■ The bankruptcy court approves compromises and settlements pursuant to Bankruptcy Rule 9019, which provides that "on motion by the trustee and after a hearing on notice ... the court may approve a compromise or settlement." Fed. R.Bankr.P. 9019. Ultimately, approval or denial of a compromise involving a bankruptcy estate is committed to the discretion of the bankruptcy judge; an appellate court will reverse only when that discretion has been abused. *In re Jackson Brewing Co.*, 624 F.2d 599, 602–3 (5th Cir.1980).

■ In deciding whether to approve a compromise involving property of a bankruptcy estate, the bankruptcy judge must consider several factors:

(1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law,

(2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and

(3) all other factors bearing on the wisdom of the compromise.

*Jackson Brewing*, 624 F.2d at 602 (citing *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson* ("TMT Trailer"), 390 U.S. 414, 424–425, 88 S.Ct. 1157, 1163, 20 L.Ed.2d 1 (1968)).

■ In considering these factors, the bankruptcy court must review the facts supporting a compromise, yet not decide the merits of individual issues. Rather, the bankruptcy court determines whether the settlement is fair and equitable as a whole. *TMT Trailer*, 390 U.S. at 424, 88 S.Ct. at 1163. In fact, in complex controversies, courts may conduct less exacting factual inquiries before approving a settlement which appears to substantially benefit the estate. *In re Lee Way Holding Co.*, 120 B.R. 881, 890 (Bankr.S.D. Ohio 1990); *In re Hancock–Nelson Mercantile Co.*, 95 B.R. 982, 993 (Bankr.D.Minn.1989).

### D. Review of the Compromise

■ The compromise negotiated by Watts and the Trustee provided that: (1) Watts would remit to the Trustee twelve and one-half percent of fees received in any contingent fee case which was entered into prior to April 8, 1992, (2) Watts would retain exclusive responsibility to perform the legal services under the contracts, and (3) the Trustee would deem that all pre-petition contracts were not property of the estate. *See* Record Exhibit 7 at 2–3.

After a review of the record, this Court finds that the bankruptcy court did not evaluate the compromise under the guide-

lines set forth in *TMT Trailer. See* Record Exhibit 1; *Jackson Brewing,* 624 F.2d at 602 (stating that the court must "evaluate and set forth [these factors] in a comprehensible fashion" when reviewing a compromise). The bankruptcy judge stated early in the hearing that he was not inclined to approve the compromise, in part because he lacked information as to how the twelve and one half percentage figure was reached.[3] The Court determines that the bankruptcy court abused its discretion in rejecting the compromise without first considering the compromise in light of the *TMT Trailer* factors.

After reviewing the *TMT Trailer* factors, this Court finds that the compromise negotiated by Watts and the Trustee is "in the best interest of the estate." *TMT Trailer,* 390 U.S. at 424, 88 S.Ct. at 1163. The burden on the estate and administrative expense of evaluating over one-hundred cases, as well as the speculative nature of those valuations even after a full scale investigation into each case, weigh heavily in favor of the compromise. Further, Watts and the Trustee agreed upon the percentage following Watts' disclosure of the current status of each case, most of which were in their early stages when Watts filed for bankruptcy. *See* Record Exhibit 1 at 6, 12, and 58. The Court therefore finds that the compromise is fair and equitable.

Based on the foregoing, the Court

ORDERS that this case is hereby AFFIRMED IN PART and REVERSED IN PART. This cause is hereby remanded to the bankruptcy court for any further proceedings consistent with this opinion.

All other requested relief not specifically granted herein is DENIED.

---

**3.** Judge Wheless stated, "I am probably not going to approve this. I don't have enough information. But I don't think I like it even if I had the information. I don't think there are any legal issues. There are factors. And I agree that those can only be determined at the conclusion of the case. And I don't have enough information to base any kind of decision whatsoever, whether it's a hundred percent of the fee or one percent of the fee. So I'm not going to approve this settlement under the current circumstances. But I want you to make a record." Record Exhibit 1 at 18.