In re Fred J. BURKHOLDER, Debtor.

John J. HUNTER, Trustee, Plaintiff,

v.

UNITED STATES of America DISTRICT DIRECTOR OF INTERNAL REVENUE, et al., Defendants.

Bankruptcy No. 92–33533.
Adv. No. 94–3005.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Jan. 19, 1995.

John J. Hunter, Trustee, Toledo, OH.

Gordon R. Barry, Toledo, OH, for debtor.

Beverly Ortega Babers, Tax Div., Dept. of Justice, Washington, DC, Robert Trusiak, Asst. U.S. Atty., Toledo, OH, for U.S.

## OPINION AND ORDER GRANTING COMPLAINT FOR TURNOVER OF PROPERTY AND ORDERING TURNOVER OF FUNDS

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the Court on Trustee John J. Hunter's (the "Trustee") complaint seeking turnover of property of the bankruptcy estate of Fred J. Burkholder (the "Debtor") in possession of the Debtor's attorney, Gordon R. Barry (the "Debtor's Attorney"). The United States of America, Internal Revenue Service, ("IRS") has filed a memorandum in support of the Trustee's position. The Court finds that the Trustee's complaint is well taken and should be granted.

### FACTS

The Debtor filed a petition under chapter 7 of title 11 on October 2, 1992 (the "Petition Date").

The parties have filed an agreed statement of facts with the Court (the "Stipulation"). See Agreed Statement of Facts, filed June 3, 1994. The Stipulation incorporates an affidavit submitted by the Debtor (the "Affidavit") and certain agreed exhibits. In addition, the parties have submitted Attorney Leonard S. Kaplan's ("Kaplan") deposition (the "Deposition") for the Court's consideration.

Prior to the Petition Date, on July 1, 1991, the Debtor referred certain clients (the "Clients") who were prosecuting a personal injury action (the "Personal Injury Action") to Kaplan. See Stipulation, p. 1, para. 2. The Clients retained Kaplan on a contingency fee basis prior to the Petition Date (the "Contingency Fee Contract").

The Debtor, an attorney, and Kaplan share office space. The Debtor and Kaplan have an oral agreement that fees generated by the referral of clients between the two attorneys "shall be earned 55% to Kaplan and 45% to [the Debtor]". Stipulation, p. 1, para. 2. Pursuant to this oral agreement, the Debtor

and Kaplan agreed that Kaplan would pay the Debtor 45% of the fees received by Kaplan under the Contingency Fee Contract (the "Fee Splitting Agreement"). See Memorandum of Debtor/Defendant Fred J. Burkholder, p. 2, para. 1–2.

Subsequent to the Petition Date, on February 4, 1993, the Clients entered into a settlement agreement in the Personal Injury Action. Thereafter, in February, 1993, Kaplan received $200,000.00 in legal fees pursuant to the Contingency Fee Contract with the Clients. See Stipulation, p. 2, para. 1.

In a letter dated October 8, 1993, Kaplan unconditionally "released" his claim to $89,-698.99 received under the Contingency Fee Contract, an amount which represents the funds payable to the Debtor under the Fee Splitting Agreement (the "Fee Splitting Agreement Proceeds"). The Debtor's Attorney presently holds the Fee Splitting Agreement Proceeds on the Debtor's behalf.

The IRS has filed a secured claim in the Debtor's bankruptcy case in the amount of $44,726.91.

### POSITIONS OF THE PARTIES

The parties agree that the Debtor's right to recover under the Fee Splitting Agreement represented property of the estate on the Petition Date. See Memorandum of Debtor/Defendant Fred. J. Burkholder, p. 4, para. 4 (stating that "to the extent that the fees [which the Debtor was entitled to under the Fee Splitting Agreement] were earned prior to the Petition date, they are property of the estate").

Nonetheless, the Debtor cites the Fifth Circuit's decision in *Turner v. Avery* for the proposition that the amount recoverable by the Trustee is limited to a percentage of the quantum meruit value of Kaplan's services rendered on behalf of the Clients prior to the Petition Date. *Compare Turner v. Avery*, 947 F.2d 772, 774 (5th Cir.1991) (holding that fees received under executory contracts between attorney/debtor and his clients which represented property of attorney/debtor's bankruptcy estate should be valued as the quantum meruit value of prepetition legal

services performed by attorney/debtor), *cert. denied,* —— U.S. ——, 112 S.Ct. 2966, 119 L.Ed.2d 587 (1992). The Debtor argues that, since the Supreme Court of Ohio has held that an attorney who is discharged by a client may only recover from that client the quantum meruit value of the attorney's services rendered prior to discharge, the Fee Splitting Agreement Proceeds only represent property of the estate to the extent of 45% of the quantum meruit value of Kaplan's services performed prior to the Petition Date. *See Fox & Associates Co., L.P.A. v. Purdon,* 44 Ohio St.3d 69, 71–72, 541 N.E.2d 448, 450 (1989) ("hold[ing] that where an attorney is discharged by a client with or without just cause, and whether the contract between the attorney and client is express or implied, the attorney is entitled to recover the reasonable value of services rendered prior to [the attorney's] discharge on the basis of quantum meruit") (citation omitted). Stated differently, the Debtor argues that the Court is required to hypothesize that the Clients discharged Kaplan as their attorney on the Petition Date, despite the fact that Kaplan completed his performance under the Contingency Fee Contract and received payment from the Clients according to the terms of the Contingency Fee Contract. Since Kaplan testified in the Deposition that the quantum meruit value of his services rendered on behalf of the Clients prior to the Petition Date approximated $30,000.00, the Debtor argues that the amount of the Fee Splitting Agreement Proceeds recoverable by the Trustee is limited to $13,500.00, which the Debtor calculates as the $30,000.00 quantum meruit value of Kaplan's services rendered prior to the Petition Date multiplied by the 45% rate which Kaplan and the Debtor agreed to under the Fee Splitting Agreement. *See* Deposition, at p. 32, lines 20–25.

On the other hand, the Trustee argues that all of the Fee Splitting Agreement Proceeds represent property of the estate as the Debtor's obligations under the Fee Splitting Agreement were fully performed prior to the Petition Date. The Trustee and the IRS argue that the issue of whether the Clients were entitled to discharge Kaplan on the Petition Date is immaterial to this Court's analysis.

## DISCUSSION

### APPLICABLE STATUTORY PROVISIONS

Section 541(a) provides, in relevant part, that:

> [t]he commencement of a case under section 301 . . . of [title 11] creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case.
>
> . . . (6) Proceeds, product, offspring, rents, and or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after commencement of the case.

Section 542(a) provides, in relevant part, that:

> an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell or lease under section 363 of [title 11] . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

### BURDEN OF PROOF

■ The Trustee bears the burden of proof on his complaint by the preponderance of the evidence. *See In re S.E. Hornsby & Sons Sand and Gravel Co.* 57 B.R. 909, 913 (Bankr.M.D.La.1986) (applying preponderance standard in turnover action under § 543); *cf. Grogan v. Garner,* 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991) (noting that preponderance standard generally applies in civil actions between private litigants); *Barclays/American Business Credit, Inc. v. Adams (In re Adams),* 31 F.3d 389, 393–94 (6th Cir.1994) (applying preponderance standard in action for denial of discharge under § 727), *cert. denied,* —— U.S. ——, 115 S.Ct. 903, 130 L.Ed.2d 786 (1995).

## THE EXTENT TO WHICH THE FEE SPLITTING AGREEMENT PROCEEDS REPRESENT PROPERTY OF THE ESTATE

Preliminarily, the Court finds it important to note that this does not represent an action by the Trustee to compel the performance of an illegal contract. Rather, the Trustee seeks to recover the Fee Splitting Agreement Proceeds, held by the Debtor's Attorney, for the benefit of creditors.

 As previously noted, the Debtor acknowledges, as the Court believes he must, that his right to recover under the Fee Splitting Agreement represented property of the estate on the Petition Date notwithstanding Ohio Revised Code § 4705.08 which prohibits an attorney from receiving compensation for the procurement of legal services. *See* Memorandum of Debtor/Defendant Fred. J. Burkholder, p. 4, para. 4 (stating that "to the extent that the fees [which the Debtor was entitled to under the Fee Splitting Agreement] were earned prior to the Petition date, they are property of the estate"); *cf. Doss v. Green (In re Green)*, 986 F.2d 145, 150 (6th Cir.1993) (stating that defendant could not "obtain relief from a bankruptcy court based on her purported bad acts"); *King v. Housel*, 52 Ohio St.3d 228, 230, 556 N.E.2d 501, 504 (1990) (noting that the Supreme Court of Ohio would not permit the disciplinary rules to be used as "a shield by an attorney in violation thereof to avoid enforcement of a valid fee agreement"). Therefore, the Court must determine the extent to which the Fee Splitting Agreement Proceeds represent property of the estate.

After careful consideration of the Stipulation, the Affidavit and the Deposition, the Court finds that the Debtor's obligations under the Fee Splitting Agreement were fully performed prior to the Petition Date. *See* Stipulation, p. 1, para. 2.

In view of the fact that the Debtor completed performance of his obligations under the Fee Splitting Agreement prior to the Petition Date, the Court finds that the Fee Splitting Agreement Proceeds represent "[p]roceeds ... and or profits of or from property of the estate" under § 541(a)(6) and are fully recoverable by the Trustee. *See In re FitzSimmons v. Walsh (FitzSimmons)*, 725 F.2d 1208, 1211 (9th Cir.1984) (finding that postpetition earnings of debtor's law practice attributable to invested capital, accounts receivable, goodwill, employment contracts with firm's staff, client relationships and fee agreements enured to the benefit of the estate); *Calder v. Segal (In re Calder)*, 94 B.R. 200, 203 (D.Utah 1988) (finding that postpetition funds received by attorney/debtor represented "proceeds" from debtor's prepetition services), *aff'd sub nom., Calder v. Rupp (In re Calder)*, 912 F.2d 454 (10th Cir.1990) (per curiam); *In re Bluman*, 125 B.R. 359 (Bankr.E.D.N.Y.1991) (finding that postpetition commissions received by debtor based on prepetition sales of insurance policies represented property of the estate notwithstanding debtor's remaining obligation under noncompete agreement); *In re Carson*, 82 B.R. 847, 851–52 (Bankr.S.D.Ohio 1987) (finding that portion of postpetition settlement which represented future lost wages represented property of the estate); *Boyle v. Stefurak (In re Sloan)*, 32 B.R. 607, 611 (Bankr.E.D.N.Y.1983) (held that debtor's entitlement to receive finder's fee under prepetition oral agreement represented property of the estate). " '[T]he decisive factor in determining whether post-petition income of the debtor will be deemed property of the estate is whether that income accrues from the post-petition services of the debtor.' " *In re Zahneis*, 78 B.R. 504, 505 (Bankr.S.D.Ohio 1987) (quoting *Boyle v. Stefurak (In re Sloan)*, 32 B.R. 607, 611 (Bankr.E.D.N.Y. 1983)); *cf. Hartley v. Derryberry (In re Hartley)*, 47 B.R. 159 (Bankr.N.D.Ohio 1985) (finding that postpetition refund received for prepetition fuel charges represented property of the estate). In the instant adversary, the Fee Splitting Agreement Proceeds are wholly attributable to the Debtor's prepetition actions.

The Court finds the Debtor's citation of *Turner v. Avery* to be inapposite. *Turner v. Avery*, 947 F.2d 772 (5th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 2966, 119 L.Ed.2d 587 (1992).

In *Turner*, the Fifth Circuit held that fees which an attorney/debtor received subsequent to the filing of a bankruptcy petition

under executory contracts which he had entered into with his clients prior to the petition date only represented property of the estate to the extent of the quantum meruit value of the prepetition services rendered by the attorney/debtor on such prepetition executory contracts. *Turner*, 947 F.2d at 772. The Fifth Circuit based its holding on its view that a debtor's rights under an executory contract do not represent property of a debtor's bankruptcy estate until an executory contract is assumed by the trustee in bankruptcy pursuant to § 365. *Turner*, 947 F.2d at 772. In view of the fact that the executory contracts between the attorney/debtor and his clients were nonassumable by the trustee in bankruptcy under § 365, the Fifth Circuit concluded that the fees which the attorney/debtor received pursuant to the prepetition executory contracts with his clients only represented property of the estate to the extent of the quantum meruit value of the attorney/debtor's prepetition legal services rendered under such contracts. *Turner*, 947 F.2d at 772.

The Court finds this adversary distinguishable from *Turner*, as the Trustee does not seek to recover the Fee Splitting Agreement Proceeds based on the Debtor's rights in a prepetition executory contract. On the contrary, the Fee Splitting Agreement did not represent an executory contract on the Petition Date. The Debtor fully performed his obligations under the Fee Splitting Agreement prior to the Petition Date. Specifically, the Debtor referred the Clients to Kaplan prior to the Petition Date in return for Kaplan's promise to pay the Debtor 45% of the proceeds which Kaplan expected to receive from the Contingency Fee Contract. Therefore, accepting arguendo the Fifth Circuit's view that a prepetition executory contract can only represent property of the estate to the extent that such contract can be assumed by a trustee in bankruptcy under § 365, the Court finds that *Turner* does not support the Debtor's contention that the amount recoverable by the Trustee should be limited to the quantum meruit value of Kaplan's prepetition services for the Clients in the Personal Injury Action.

The Debtor's citation of *Fox & Associates Co., L.P.A. v. Purdon* is also unavailing. *Fox & Associates Co., L.P.A. v. Purdon*, 44 Ohio St.3d 69, 71–72, 541 N.E.2d 448, 450 (1989). Notwithstanding the fact that the Clients were clearly entitled to discharge Kaplan at any time during the course of his employment in the Personal Injury Action, the facts presented to the Court indicate that Kaplan completed his performance under the Contingency Fee Contract and was paid in accordance with the terms of the Contingency Fee Contract. The Court shall not decide the instant adversary based upon the hypothetical scenario propounded by the Debtor.

Finally, even if the Court could accept the Debtor's argument that the value of his interest in the Fee Splitting Agreement Proceeds on the Petition Date represented 45% of the quantum meruit value of Kaplan's prepetition services under the Contingency Fee Contract, the Court finds it significant to note that "appreciation [in the value of property of the estate] enures to the bankruptcy estate, not the debtor". *Schwaber v. Reed (In re Reed)*, 940 F.2d 1317, 1323 (9th Cir. 1991) (citations omitted); *see In re Carey*, 150 B.R. 196, 199 (Bankr.N.D.Ohio 1992) (noting that postpetition appreciation in value of debtor's employee benefit plan represented property of the estate); *see also In re Paollela*, 85 B.R. 974, 977–78 (Bankr.E.D.Pa. 1988) (postpetition increase in value of property of the estate inures to the benefit of the bankruptcy estate until such property is liquidated or abandoned).

In light of the foregoing, it is therefore

ORDERED that the Trustee's complaint against the Debtor's Attorney for turnover of property of the estate be, and it hereby is, granted. It is further

ORDERED that Gordon R. Barry turnover the sum of $89,698.99 plus accrued interest to the Trustee forthwith.