United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 05-20422
Summary Calendar

---

In the Matter of: MANDALL & WRIGHT

Debtor

ROBERT D RAPP

Appellant,

versus

TUCKER, VAUGHAN, GARDNER, AND BARNES PC; JANET
CASCIATO NORTHRUP

Appellees.

---

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. 4:04-cv-4825)

---

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:*

Reviewing the record and applying the same standards as applied by the district court, we affirm for the following reasons:

1. The pre-petition value of contingent fee contracts realized by a defunct law firm is property of the bankruptcy estate and must be established by the trustee. *Turner v. Avery*, 947 F.2d 772, 774 (5th Cir. 1991). The trustee took steps to ensure that the estimates offered by Tucker, Vaughan were not biased against Rapp. Mr. Vaughan submitted a sworn statement attesting to the veracity of his firm's stage-of-completion estimates. In addition, the trustee retained the outside firm of Carrigan, McCloskey & Roberson to spot check a random sample of Tucker, Vaughan's estimates.

2. Unlike *Connecticut Gen. Life Ins. Co. v. United Cos. Fin. Corp.* (*In re Foster Mortgage Corp.*) 68 F.3d 914 (5th Cir. 1995), this case does not involve transactions between a subsidiary and its corporate parent. Nor were Rapp's interests and legal posture ignored. To the contrary, the bankruptcy judge accepted a settlement plan in which the trustee had a different methodology for determining the value of the pre-petition services than that which Rapp would most prefer. Rapp has not demonstrated that the settlement approved by the

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

bankruptcy court rests on facts which were clearly erroneous.

Affirmed.