## In re AMERICAN ENERGY, INC., Debtor.

### Bankruptcy No. 84–05566.

United States Bankruptcy Court,
D. North Dakota.

April 16, 1985.

Max Rosenberg, Bismarck, N.D., for debtor.

Gary Cameron, Moorhead, Minn., Trustee.

Jay Carlson, Fargo, N.D., for trustee, Roger Minch, Fargo, N.D., for Industrial Indem. Co., Joel D. Johnson, Moorhead, Minn., for Martin Haley Companies, Inc., Glen R. Nagel, Jamestown, N.D., for Robert Nagel. Warren C. Anderson, Morris, Minn., Bruce Carlson, Todd Haggart, Mervin Nordeng, Fargo, N.D., L. Genereaux, Minneapolis, Minn., for Growers.

William Westphal, Minneapolis, Minn., U.S. Trustee.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

Before the Court is a dispute concerning the Trustee's power to enforce certain grower contracts.

On January 18, 1985, the Debtor filed a Motion requesting that the Court "estab-

lish or fix the character of some 1,140 grain grower contracts as either having or not having some value to the bankruptcy estate." The Trustee filed on February 8, 1985, a return wherein he joined the request by the Debtor in its Motion and additionally requested that the Court determine the executory nature of the grain grower contracts. The Debtor formally requested on February 8, 1985, an expedited hearing on its Motion and alternatively an order enjoining the Trustee's collection or enforcement efforts under the grower contracts.

A hearing on the Debtor's Motion was held before the undersigned on March 27, 1985, in Fargo, North Dakota. Although the Debtor admitted at the hearing it lacked standing to raise the concerns detailed in its Motion, the Trustee and Debtor requested that at a minimum the Court determine whether or not the grower contracts are properly property of the bankruptcy estate.

The Bankruptcy Court is given its jurisdiction or power to resolve disputes under 28 U.S.C. § 157. Generally, the power of the court exists only with respect to all cases under Title 11 of the United States Code, all civil proceedings arising under or arising in cases under Title 11, and all proceedings "related" to cases under Title 11. The Court's power to act must, therefore, spring from those statutes which comprise Title 11 of the United States Code. Resolution of the present matter can only be made after review of the statutes which control formation of the bankruptcy estate.

Section 541 of the Bankruptcy Code provides that commencement of a bankruptcy case creates an estate. That estate, with certain exceptions, consists of all legal or equitable interests which the debtor held in property as of the commencement of the bankruptcy case. 11 U.S.C. § 541(a)(1). Section 541 is a broad provision which encompasses all apparent interests of the debtor. *See In re Graham*, 726 F.2d 1268, 1271 (8th Cir.1984) ("All property of the debtor, even property needed for a fresh start, is included in the estate."). Under section 541(b), the estate formed at commencement of the case does not include any power which the debtor may exercise solely for the benefit of an entity other than the debtor. 11 U.S.C. § 541(b). One court has determined that an executory contract which is not assumed by the trustee never becomes property of the bankruptcy estate. *See In re Tonry*, 724 F.2d 467 (5th Cir.1984). It is also clear that property which has been obtained by fraud of the debtor or by other tort is not properly part of the estate assets. *See In re Flight Transportation Corporation Securities Litigation*, 730 F.2d 1128, 1136 (8th Cir.1984).

■ An independent trustee is appointed after commencement of a case under Chapter 7 of the Bankruptcy Code. In the instant case, Gary Cameron accepted appointment as Trustee on November 25, 1984. His duties as trustee include, in part, an obligation to "collect and reduce to money the property of the estate for which such trustee serves, ...". 11 U.S.C. § 704(1). The comment to section 725 of the Bankruptcy Code notes that the administrative duties of the trustee are distinct from the judicial functions of the bankruptcy court. That comment provides, as follows:

The House and Senate Reports refer to a determination by the court of appropriate disposition of property in which the estate and another entity have an interest as, for example, property subject to a lien or coowned by the estate and another entity. But the section as finally enacted transfers this administrative function to the trustee, thus following the policy of the Code to separate judicial and administrative functions where appropriate. Disposition of property in which both the estate and another entity have an interest is apparently an administrative act that can be properly performed by the trustee as part of his normal duties.

The trustee may generally pursue a cause of action or, in his best judgment, compromise, settle, or abandon legal claims. *See In re Independent Clearing House Co.*, 41 B.R. 985, 992 n. 10 (Bankr.D.Utah 1984).

■ The Bankruptcy Court will not usurp the administrative obligations of the

Trustee and only acts when a bona fide dispute is properly brought before the Court. Such a dispute may arise in a variety of forms. A party in interest may, under section 544(b) of the Bankruptcy Code, request that the Court order an abandonment of certain property of the estate. The party who requests such an order must clearly evidence to the Court its proper standing as a party in interest. The Debtor in this instance has not proven that it has an interest to be protected and in fact has admitted that it lacks proper standing for such a request.

A bona fide dispute may also be presented to the Court in the form of a requested injunction to prohibit certain administrative actions of the trustee. While in the present instance the Debtor has requested an injunction by Motion filed February 8, 1985, the Court must decline to entertain such a request. Bankruptcy Rule 7001 requires that any request for injunctive relief be sought through an adversary proceeding. This formal adversary procedure enables the Court to clearly delineate the parties to the dispute. Formalities aside, the Debtor's request for an injunction also fails on its merits. The Eighth Circuit Court of Appeals has clarified the standards for issuance of an injunction stating, as follows:

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other party's litigant; (3) the probability the movant will succeed on the merits; and (4) the public interest.

*Dataphase Systems, Inc. v. C L Systems, Inc.,* 640 F.2d 109, 113 (8th Cir.1981). An injunction will not be issued unless the moving party can show evidence of an immediate and irreparable harm to its interest. The testimony at the hearing on the Debtor's Motion clearly showed to the Court that the Trustee has not yet determined whether he will treat the grower contracts as an asset of the bankruptcy estate. Since the Trustee himself has not determined what future action he will take,

it is impossible for the Court to determine what effect the indetermined action will have upon the Debtor's interest. Again, the Debtor has not sufficiently showed that it has an interest to be protected.

The Court must conclude in this instance that the Debtor's Motions joined in by the Trustee be dismissed as premature and without any basis under the bankruptcy statutes. It is not proper that the Court render advisory opinions on administration of the bankruptcy estate which, under the Code, is clearly the responsibility of the Trustee. The Court has appointed counsel for the Trustee to aid in his administrative duties. Furthermore, the Trustee has the aid of the United States Trustee's office in seeking administrative advice.

Accordingly, and for the reasons stated, IT IS ORDERED:

That the Debtor's Motions filed with the Court on January 18, 1985, and February 8, 1985, are DISMISSED.