**412**

**ELMWOOD DRY DOCK AND REPAIR**

v.

**H & A TRADING CO., LTD., et al.**

**Civ. A. No. 93–2156.**

United States District Court,
E.D. Louisiana.

Jan. 7, 1994.

Roch P. Poelman, Clarence William Emory, Hebert, Mouledoux & Bland, New Orleans, LA, for Elmwood Dry Dock and Repair.

Joseph Ralph White, Edward Joy Briscoe, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for ORBI S.A.

Luis Alberto Perez, Adams & Reese, New Orleans, LA, for H & A Trading Co., Ltd.

Norman Charles Sullivan, Jr., Gelpi, Sullivan, Carroll & Gibbens, New Orleans, LA, for Caribbean Cargos, Ltd., Gelpi, Sullivan, Carroll & Gibbens.

Robert D. Walker, pro se.

Rudy J. Cerone, Timothy H. Scott, McGlinchey, Stafford & Lang, New Orleans, LA, for General Elec. Capital Corp. of Puerto Rico.

*ORDER AND REASONS*

CLEMENT, District Judge.

The motions which remain pending following this Court's Order of December 8, 1993 are: ORBI's motion to recognize claim, ORBI's motion for stay of proceedings, GECC's motion to recognize claim, H & A's motion to stay proceedings, and Elmwood's motion to lift automatic stay. For the reasons stated below, ORBI's and H & A's motions to stay proceedings are GRANTED; ORBI's and GECC's motions to recognize claim are DENIED; and Elmwood's motion to lift automatic stay is referred to the United States Bankruptcy Court for the District of Puerto Rico.

This Court requested additional information from the parties by Order dated December 8, 1993 in order to determine:

1. whether the management contract between H & A and Caribbean Cargoes is "property of the estate" within the meaning of 11 U.S.C. § 541; and

2. whether the sale of the vessel will result in an "exercise of control over property of the estate" within the meaning of 11 U.S.C. § 362(a)(3).

The parties have also answered several questions raised by the Court which pertain to these issues. The parties agree that H & A owns no interest in Caribbean Cargoes. The parties also agree that no notice of termination has been given by either party as required by the terms of the Management Agreement.

■ With respect to whether performance remains due from Caribbean Cargoes and H & A under the Management Agreement, Caribbean Cargoes contends that H & A was in default of the agreement at the time H & A filed its petition for bankruptcy and is obligated to correct these defaults. H & A contends that it is entitled to possession of the vessel in order to comply with the management responsibilities delineated therein. H & A also contends that it is obligated pursuant to Articles II and IX of the agreement to oversee the conversion of the vessel to a container carrying vessel in order to maximize its use and generate more and constant revenue. Pursuant to the terms of the agreement, Caribbean Cargoes would then have an obligation to pay the expenses incurred in making the conversion.

It appears that performance remains due by both parties, therefore, the Management Agreement meets the definition of an executory contract. *In re Tonry*, 724 F.2d 467, 468 (5th Cir.1984).[1] If this is an executory contract, 11 U.S.C. § 365(a) provides that H & A, as debtor-in-possession may assume or reject the contract subject to court approval. This Court agrees with H & A and Caribbean Cargoes who contend that H & A should be given the opportunity to accept or reject the agreement in the pending bankruptcy

proceedings and that the bankruptcy court should decide whether its automatic stay covers the Management Agreement at issue as "property of the estate." Their contention is supported by at least one court which has held that there is no threshold requirement that the contract be "executory" as a prerequisite to assumption or rejection by the debtor-in-possession. *Cohen v. Drexel Burnham Lambert Group*, 138 B.R. 687, 694 n. 10, 708 (Bankr.S.D.N.Y.1992) The *Drexel* court noted that the purpose of Section 365(a) is to allow the estate to assume those contracts from which it will benefit and reject those from which it will not. *Id.* at 697. If no performance is owed the debtor, the debtor in possession will simply reject the contract.[2]

■ Thus, this Court will not decide whether performance is due by both parties to the Management Agreement, thereby making the agreement an executory contract. The question is close enough to put Elmwood on notice that it should seek relief from the bankruptcy court's automatic stay before continuing with these proceedings to sell the vessel. *See, In re Thomas Allan Lile*, 103 B.R. 830, 837 (Bankr.S.D.Tx.1989). The bankruptcy court is best suited to address the scope of its automatic stay, and it would be most efficient for that court to do so. Should the debtor-in-possession elect to assume the contract, the bankruptcy court would then determine whether there had been a default in the agreement at the time H & A filed its bankruptcy petition. If so, the bankruptcy court would then require H & A to comply with the provisions of Section 365(b)(1) prior to assuming the contract.[3]

---

**1.** The Fifth Circuit has also noted that a contract is executory when something remains to be done by one or more of the parties. *In re American Magnesium Company*, 488 F.2d 147, 152 (5th Cir.1974); *In re Tonry*, 724 F.2d 467, 468 (5th Cir.1984).

**2.** "Rejection's effect is to give rise to a remedy in the non-debtor party for breach of the rejected contract, typically a right to money damages assertable as a general unsecured claim in the bankruptcy case. Rejection has absolutely no effect upon the contract's continued existence.... Every contract may, without harm, be made subject to rejection; at worst, rejection will be superfluous." *Id.* at 708 (citations omitted).

**3.** 11 U.S.C. § 365(b)(1) provides:

"If there has been a default in an executory contract ... of the debtor, the trustee may not assume such contract ... unless, at the time of assumption of such contract ..., the trustee—
(A) cures, or provides adequate assurance that the trustee will promptly cure, such default;
(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract ..., for any actual pecuniary loss to such party resulting from such default; and
(C) provides adequate assurance of future performance under such contract...."

**414**

Consequently, Elmwood must seek its relief from the automatic stay from the court that imposed it, the United States Bankruptcy Court for the District of Puerto Rico. If the bankruptcy court lifts the automatic stay, or if the debtor in possession rejects the agreement, and Elmwood is permitted to continue with these proceedings to sell the vessel to satisfy its maritime lien, ORBI and GECC may renew their motions before this Court to recognize their claims to the vessel at that time. Also at that time, GECC and ORBI may resume implementation of their plan of advertisement submitted in accordance with this Court's December 8, 1993 Order, as well as their request that this Court modify the order to require that the costs associated with delay of the sale and additional advertisement be paid from the proceeds of the sale of the vessel.

Accordingly,

IT IS ORDERED that Elmwood's motion to lift automatic stay is referred to the United States Bankruptcy Court for the District of Puerto Rico, Docket No. 93–5530.

IT IS FURTHER ORDERED that ORBI's and H & A's motions to stay these proceedings are GRANTED, and that these proceedings are hereby stayed pending the bankruptcy court's ruling on plaintiff's motion to lift the automatic stay.

IT IS FURTHER ORDERED that ORBI's and GECC's motions to recognize claims are DENIED.