**In the Matter of Lynn D. EDMONDS, Debtor.**

No. 00–73912.

United States District Court, E.D. Michigan, Southern Division.

May 31, 2001.

Roberta W. Andrews, UAW–Ford Legal Services Plan, Livonia, MI, for appellant.

Tracy Clark, Gold, Lange & Majoros, P.C., Southfield, MI for appellee.

*OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S AUGUST 24, 2000 OPINION*

STEEH, District Judge.

Lynn D. Edmonds (the "Debtor") appeals from an August 24, 2000 Opinion issued by Bankruptcy Judge Walter Shapero finding that the Debtor's contingent future interest in profit sharing funds was property of the estate as of the petition date. For the reasons set forth be-

low, the challenged August 24, 2000 Opinion is AFFIRMED.

## I. Background

On December 15, 1999, the Debtor filed a voluntary bankruptcy petition under Chapter 7 of the United State Bankruptcy Code. On March 5, 2000 Debtor received a profit sharing check of $5,509.17 from Ford Motor Company under the Ford Motor Company Profit Sharing Plan for Hourly Employees in the United States. To receive a profit sharing payment under this plan, Ford must have profits for a given year and an employee must be employed by Ford at the end of the year.

On March 27, 2000, the acting Trustee Stuart A. Gold filed a Motion for Order Compelling Lynn Edmonds to Turnover Estate Property and Assessing Costs. In his Motion, the Trustee asserted that the profit sharing check is property of the bankruptcy estate. The Debtor maintained that the profit sharing check is not property of the bankruptcy estate. A hearing was held on the Trustee's Motion on May 5, 2000 before the Honorable Walter Shapero. After both parties submitted briefs supporting their positions, Judge Shapero granted the Trustee's Motion and held that the Debtor's contingent future interest in the profit sharing check was property of the bankruptcy estate as of the petition date. (*See* Order of August 24, 2000). On or about October 6, 2000, the parties reached an agreement as to the amount of the profit sharing check to be turned over to the Trustee.

## II. Standard of Review

■ A district court applies a clearly erroneous standard of review to bankruptcy court findings of fact, and plenary *de novo* review as to questions of law. *See In re Charfoos*, 979 F.2d 390, 392 (6th Cir. 1992). The district court may "affirm,

modify, or reverse a bankruptcy judge's order, or decree or remand with instructions for further proceedings," Bankruptcy Rule 8013.

## III. Analysis

■ Debtor argues that the profit sharing payment is not property of the estate because (1) he had no enforceable right to receive the payment under state law at the time of filing; and (2) he had no vested interest in the payment at the time of filing.

The Trustee counters that the profit sharing payment is property of the estate because it is a contingent contract right and such rights have long been held to be property of the bankruptcy estate.

The Bankruptcy Code provides that the property of the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) The legislative history of § 541(a) reveals that the statute's purpose is to "bring anything of value that the debtors have into the estate." H.R.Rep. No. 95–595, at 176 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6136. Debtor's interest in the profit sharing payment at the time of filing his bankruptcy petition was in the form of a contingent interest. In order for Debtor to receive the payment, certain contingencies had to be met: (1) Ford had to make a profit during 1999 and (2) Debtor had to be employed by Ford at the end of 1999.

The parties have cited no controlling case law specifically addressing the inclusion of a profit sharing payment in a bankruptcy estate.[1] However, a multitude of courts have addressed other contingent future interests and their inclusion in the bankruptcy estate.

---

1. Appellant relies on *Sharp v. Dery*, 253 B.R. 204 (E.D.Mich.2000) holding that an employee bonus check was not property of estate. *Sharp* is discussed in further detail below.

In a variety of situations, courts have "almost uniformly adhered to the view that contingent interests are property of the estate under § 541(a)(1)." *Booth v. Vaughan (In re Booth)*, 260 B.R. 281, 285 (6th Cir. BAP 2001). In *Booth*, the court engaged in an in-depth review of the many circumstances where courts have held a debtor's contingent interest to be property of the estate. These circumstances include:

(1) Contingent interest in an earned income tax credit, even when the petition is filed before the end of the tax year. *See Johnston v. Hazlett (In re Johnston)*, 209 F.3d 611, 612 (6th Cir.2000).

(2) Contingent claim against a third party. *See Borock v Mathis (In Re Clipper Int'l Corp.)*, 154 F.3d 565, 567 (6th Cir.1998); *In re Yonikus*, 996 F.2d 866, 869 (7th Cir.1993).

(3) Contingent right to a postpetition employment termination payment under a prepetition employment contract. *See Rau v. Ryerson (In re Ryerson)*, 739 F.2d 1423 (9th Cir. 1984).

(4) Right to receive property, contingent on surviving others. *See Neuton v. Danning (In re Neuton)*, 922 F.2d 1379 (9th Cir.1990).

(5) Attorney debtor's right to legal fees under a contingent fee agreement with a client. *See Jess v. Carey (In re Jess)*, 169 F.3d 1204 (9th Cir. 1999).[2]

In deciding the above cases, courts have looked to a case decided under the Bankruptcy Act, *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966).[3] In *Segal*, the Supreme Court found that a loss carry-back refund was "sufficiently rooted in the pre-bankruptcy past … that it should be regarded as 'property'." *Id.* at 380, 86 S.Ct. 511. This reasoning was utilized in cases finding a contingent interest to be property of the estate. *See Jess*, 169 F.3d at 1207 (finding that "[t]he estate is entitled to recover the portion of postpetition payments attributable to pre-petition services."); *Ryerson*, 739 F.2d at 1426 (finding that "[t]he termination payments are 'sufficiently rooted in the prebankruptcy past' as to be included within the bankruptcy estate.") The contingencies in the present matter (i.e. profits by Ford, debtor employed through the end of the year) are relatively indistinguishable from the contingencies in the above cases where the debtor's interest was held to be "sufficiently rooted in the pre-bankruptcy past" and therefore, property of the estate.

Debtor attempts to rebut this large volume of case law by arguing that he had no enforceable right to the profit sharing payment as of the filing date. *See Sharp v. Dery*, 253 B.R. 204, 207 (E.D.Mich.2000) (noting that "[t]he determinative issue in this case, therefore, is whether Debtor had an enforceable right to receive the bonus check when he filed his petition.") In part, the district court in *Sharp* ruled that the debtor did not have an enforceable right to receive the bonus check when he filed his petition because the plan at issue gave the employer sole discretion to pay or not to pay any bonus at all. *Id.; Vogel v. Palmer (In re Palmer)*, 57 B.R. 332 (Bankr.W.D.Va.1986). In this respect, *Sharp* is distinguishable from the present

---

**2.** *See Booth* at 284–87 for a more comprehensive treatment of the various circumstances where a contingent interest was held to be property of the estate.

**3.** Although *Segal* was decided under the Bankruptcy Act, "Section 541 [of the 1978 Bankruptcy Code] includes as property of the estate all forms of property under former Section 70(a) of the Bankruptcy Act." H.R. No. 95–595, 95th Cong., 1st Sess. (1977), p. 367–68; U.S.Code and Admin.News 1978, p. 5787, 6323–6324.

case where the decision to issue profit sharing payments is not discretionary. In light of the weight of case law to the contrary, it is a mistake to read *Sharp* to exclude *all* contingent interests form the bankruptcy estate. Such a result would be inconsistent with the multitude of cases holding contingent interests to be property of the estate in a wide variety of circumstances.

Debtor also argues that the profit sharing payment is not property of the estate because he did not have a vested interest in the payment at the time of filing. In furtherance of this argument, Debtor relies on *DeMarco v. Ohio Decorative Products, Inc.*, 19 F.3d 1432 (6th Cir.1994) (unpublished table decision).[4] Debtor seizes on the language in *DeMarco* reasoning that:

> [t]he crucial inquiry, instead, is when those property interests come into existence.... [A] future interest will not become a § 541 property right until it has, in effect, vested; or put another way, until the conditions that go to the creation of the right have been satisfied. *DeMarco*, 1994 WL 59009 at *7.

However, the two cases on which *DeMarco* relied, *Rau v. Ryerson (In re Ryerson)*, 739 F.2d 1423 (9th Cir.1984) and *Hoffman v. Bruneau (In re Bruneau)*, 148 B.R. 4 (Bankr.D.Conn.1992) both apply the rule utilized in the extensive body of case law noted above, that a contingent right is property of the estate when it is based on prepetition activities.[5] "The key distinction on which *Ryerson* and *Bruneau* turned was whether the contingent right was based on prepetition circumstances." *Booth* at 289.

The Court agrees with the bankruptcy court that the Debtor's profit sharing payment was sufficiently rooted in the prebankruptcy past so as to be included as property of the bankruptcy estate under § 541(a). The Ford Motor Company Profit Sharing Plan for Hourly Employees in the United States was entered into between the UAW and Ford in October of 1999, before Debtor filed her petition. Every day that Debtor worked during the 1999 calendar year contributed to the profitability of Ford, who used these profits to ultimately issue Debtor's profit sharing payment. In addition, the agreement specifically utilized a mathematical formula[6] taking into account the days that Debtor worked during all of 1999, prebankruptcy and postbankruptcy, to determine the amount of the profit sharing payment. As of the filing of the petition in bankruptcy on December 15, plaintiff had worked all but a few of the days necessary to become entitled to his profit sharing based upon the formula, which was not subject to change. In that the profit sharing payment is sufficiently rooted in the prebankruptcy past, the payment is property of the estate under § 541(a).

### IV. Conclusion

For the reasons set forth above, the challenged August 24, 2000 Opinion is hereby AFFIRMED.

---

4. As an unpublished decision, *DeMarco* has limited precedential value. *See Salamalekis v. Comm'r of Soc. Sec.*, 221 F.3d 828, 833 (6th Cir.2000)

5. "[T]he termination payments representing value for years of service completed prior to bankruptcy ... are 'sufficiently rooted in the prebankruptcy past'." *Ryerson* at 1426.

"[T]he origin and the purpose of the Program payments ... are not sufficiently rooted in the prebankruptcy past to justify that they are included in the debtor's estate." *Bruneau* at 6.

6. A factor of 15.3431% was applied to Debtor's eligible pay from 1999.