**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   AZ-16-1174-BJuL |
| SHIU JENG KU, | Bk. No.   2:16-bk-01053-BKM |
| Debtor. | |
| SHIU JENG KU, | |
| Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| RUSSELL A. BROWN, Chapter 13 Trustee, | |
| Appellee. | |

Argued and Submitted on May 18, 2017,
at Phoenix, Arizona

Filed - June 21, 2017

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Brenda K. Martin, Bankruptcy Judge, Presiding

Appearances:   Walter E. Moak of The Moak Law Firm argued for appellant Shiu Jeng Ku; Rachel Flinn, Staff Attorney, argued for appellee Russell A. Brown, Chapter 13 Trustee.

Before:   BRAND, JURY and LAFFERTY, Bankruptcy Judges.

---

[1]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Debtor Shiu Jeng Ku appeals an order sustaining the trustee's objection and denying Debtor's claimed exemptions under Arizona law.[2] The bankruptcy court determined that Debtor was ineligible to claim Arizona exemptions because she was not domiciled in Arizona for the required 730 days immediately preceding her bankruptcy filing in accordance with § 522(b)(3)(A).[3] Because the bankruptcy court lacked a proper evidentiary record to determine that Debtor was not domiciled in Arizona, we VACATE and REMAND.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Debtor moved to Arizona in 2003. She bought a home in Arizona in 2006, which was lost to foreclosure in 2008. Debtor's adult daughter has lived in Arizona since 2003 and resided with Debtor in Debtor's home from 2003 to 2008.

In 2008, Debtor moved from Arizona to Florida; she lived in Florida until September 2014. Debtor claimed she moved to Florida temporarily in order to work and save money so she could eventually return to Arizona to purchase a home and reunite with her daughter. Debtor did not maintain a residence in Arizona after she moved to Florida, but she did stay at her daughter's Arizona apartment when she visited.

In January 2014, Debtor came to Arizona to place an offer on a home, but her offer was not accepted. She returned to Florida.

---

[2] The chapter 7 trustee objected to Debtor's claimed exemptions and was the appellee in this appeal when filed. Debtor's chapter 7 case was later converted to chapter 13 and Russell Brown, Chapter 13 Trustee, was substituted as appellee.

[3] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

-2-

In September 2014, Debtor succeeded in purchasing a home in Arizona and moved from Florida to Arizona. Debtor did not maintain a residence in Florida after she moved back to Arizona.

Debtor filed a chapter 7 bankruptcy case on February 5, 2016. She indicated in her Statement of Financial Affairs that during the past three years (2012-2014) she lived in Florida. Debtor asserted both Arizona and federal exemptions in her initial Schedule C; she later amended, claiming solely Arizona exemptions.

In her objections to Debtor's claimed exemptions, Trustee contended that Debtor was not entitled to utilize Arizona exemptions because she was not domiciled in Arizona for the required 730 days immediately preceding the petition date.[4] Trustee argued that for purposes of § 522(b) "domicile" means (1) actual residence coupled with (2) a present intention to stay there, citing Drummond v. Urban (In re Urban), 375 B.R. 882, 888 n.14 (9th Cir. BAP 2007). Trustee argued that Debtor could not meet the "actual residence" prong of the domicile test because she did not actually reside in Arizona for the 730 days immediately preceding the petition date.

Trustee further argued, without any evidentiary support, that the objective "facts" showed Debtor actually intended to make, and did make, Florida her domicile: (1) Debtor moved to Florida to take a permanent job that would assist her with a gambling problem; (2) Debtor's minor granddaughter moved to Florida with

[4] Trustee had also maintained that Debtor could not claim any Florida exemptions because Florida does not allow non-residents to utilize their state statutory exemptions. See Fla. Stat. § 222.20. Debtor later conceded she could not claim Florida exemptions because she was not a resident of that state when she filed her bankruptcy case.

-3-

her; (3) Debtor filed income taxes and registered her vehicle in Florida; and (4) Debtor surrendered her Arizona driver's license and obtained a Florida one. Trustee argued that Debtor's contention that she never relinquished her Arizona domicile based solely on her stated intention to return to Arizona and that she had maintained her account with Chase Bank, a nationwide financial institution, was not sufficient evidence to overcome the objective facts indicating otherwise. Trustee did not file a declaration in support of her objections or provide copies of the transcripts from Debtor's § 341(a) meeting of creditors and Debtor's Rule 2004 examination referenced in her briefs.

Debtor contended she could claim the Arizona exemptions because she did not lose her domiciliary status in Arizona with her temporary move to Florida: her presence in Arizona between 2003-2008 and her intention to make Arizona her permanent home had given her domiciliary status there; she had no intention to make Florida her permanent home; she had maintained her bank account in Arizona with Chase Bank during her time in Florida; and she had returned to Arizona in January 2014 intending to purchase a home, although she was unsuccessful. Debtor did not file a declaration in support of her response. She did, however, request that the court set an evidentiary hearing on Trustee's objection.

At the hearing on Trustee's objection, which was not an evidentiary hearing, Trustee conceded that Debtor's domicile was Arizona until 2008 but argued that Debtor lost her Arizona domicile when she moved to Florida in 2008 and lived there until 2014. Debtor argued that the issue was whether she lost her Arizona domicile when she moved to Florida and contended that

-4-

Trustee had not met the burden of proving she had changed her domicile to Florida.

The bankruptcy court announced its ruling from the bench, sustaining Trustee's objection and denying Debtor's claimed Arizona exemptions. The court found that Debtor's domicile could not be Arizona because she did not have a residence in Arizona for the entire 730-day period. Because Debtor had not maintained a residence in Arizona during this time period, the court determined that she failed to meet the first prong of the domicile test — an "actual residence" in Arizona for the 730 days immediately preceding her bankruptcy filing. Stays at her daughter's Arizona apartment during occasional visits did not constitute an Arizona "residence" for Debtor for purposes of the statute.

Before the bankruptcy court entered an order on Debtor's exemptions, Debtor filed a notice of appeal. Debtor then filed a motion for reconsideration, contending the court erred, as a matter of law, when it ruled that for Debtor to have kept her Arizona domicile after moving to Florida she needed to maintain a residence in Arizona.

On June 29, 2016, the bankruptcy court entered two orders: (1) an order sustaining Trustee's objection and denying Debtor's claimed Arizona exemptions (the "Exemption Order"); and (2) an order denying Debtor's reconsideration motion. Because Debtor was not eligible to use either the Arizona or Florida exemptions, she could claim only the federal exemptions under § 522(d).[5]

_____

[5] Debtor also filed a motion to extend the automatic stay, which the bankruptcy court properly treated as a request for stay

(continued...)

Accordingly, Debtor's premature appeal of the Exemption Order was deemed timely once that order was entered on June 29. Rule 8002.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Did the bankruptcy court err in determining, without a proper evidentiary record, that Debtor was not domiciled in Arizona?

## IV. STANDARDS OF REVIEW

A debtor's right to claim an exemption is a question of law we review de novo. Kelley v. Locke (In re Kelley), 300 B.R. 11, 16 (9th Cir. BAP 2003). The bankruptcy court's findings of fact with respect to a claimed exemption, including a debtor's intent, are reviewed for clear error. Id. Factual findings are clearly erroneous if illogical, implausible or without support in the record. Retz v. Samson (In re Retz), 606 F.3d 1189, 1196 (9th Cir. 2010).

Domicile premised upon intent and presence involves mixed questions of law and fact reviewed for clear error. Lowenschuss v. Selnick (In re Lowenschuss), 171 F.3d 673, 684-85 (9th Cir. 1999); Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986).

////

[5](...continued) pending appeal (even though the Exemption Order had not yet been entered). The bankruptcy court denied that motion on the basis that Debtor's appeal was unlikely to succeed. Debtor attempts to challenge the bankruptcy court's decision to deny a stay pending appeal. However, that matter was the subject of a separate order entered on June 30, 2016, which Debtor has not appealed. Therefore, we are unable to address her arguments with respect to that order as it is not before us.

## V. DISCUSSION

**A.   Law governing exemptions generally**

Section 522(d) specifies the property that may be exempted from the debtor's bankruptcy estate.  Under § 522(b)(2), the debtor may choose the federal exemptions in § 522(d) "unless the State law that is applicable to the debtor under subparagraph (3)(A) specifically does not so authorize."[6]  This "opt out" provision, which makes the federal exemptions unavailable, has been adopted by Arizona, which limits its state law exemptions to Arizona residents.  See Ariz. Rev. Stat. § 33-1133(B).

The "State law that is applicable to the debtor" is determined by where the debtor was "domiciled" for the 730 days (two years) immediately preceding the bankruptcy filing. § 522(b)(3)(A).  If the debtor was not domiciled in a single state during that period, then the applicable state law is that of the state in which the debtor was domiciled for the 180 days immediately preceding the 730-day period, or for the longest portion of that 180-day period.  Id.  If the domiciliary requirement renders a debtor ineligible for any state exemptions,

---

[6]  Section 522(b)(3)(A) provides in full:

(3) Property listed in this paragraph is —

(A) subject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition to the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located in a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place[.]

-7-

the debtor may use the federal exemptions under the "catch-all" provision of § 522(b)(3).[7] In re Urban, 375 B.R. at 889.

**B. The bankruptcy court erred in determining, without a proper evidentiary record, that Debtor had changed her domicile to Florida.**

The issue before the bankruptcy court was whether Debtor was domiciled in Arizona during the 730-day period immediately preceding the petition date in order to claim the benefit of the Arizona exemptions. It is undisputed that Debtor was domiciled in Arizona between 2003 and 2008. Debtor argued that she never lost her domiciliary status in Arizona with her move to Florida in 2008; therefore, Arizona was her domicile for the entire 730-day period and she was entitled to utilize the Arizona exemptions.

Relying on an Arizona bankruptcy case, In re Schayes, 483 B.R. 209, 213 (Bankr. D. Ariz. 2012), and In re Lowenschuss, 171 F.3d at 684, the bankruptcy court determined that because Debtor did not have a "residence" in Arizona for the 730 days immediately preceding the petition date she could not have been domiciled in Arizona; therefore, she was domiciled in Florida.

Debtor contends that, while both a physical presence and intent are necessary to "establish" one's domicile, she had already established Arizona as her domicile in 2003. She argues that, because Trustee failed to meet her burden of proving Debtor

---

[7] If, by operation of § 522(b)(3)(A), a nonresident debtor is artificially domiciled in an opt-out state that limits the availability of its exemption scheme to residents, the debtor may generally claim the federal exemptions for property listed in § 522(d), as prescribed by the concluding sentence of § 522(b)(3) which states that "[i]f the effect of the domiciliary requirement under subparagraph (A) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified under subsection (d)."

-8-

had established domiciliary status in another location, her domicile status did not change; thus, she was not required to "reestablish" her Arizona domicile again for purposes of § 522(b)(3)(A). Debtor contends the bankruptcy court erred when it looked only at whether she had resided in Arizona for those 730 days to reestablish her Arizona domicile without first determining whether she had relinquished her Arizona domicile when she moved to Florida in 2008. We agree.

In Donald v. Curry (In re Donald), 328 B.R. 192, 202 (9th Cir. BAP 2005), the Panel reasoned that Congress did not intend domicile in the bankruptcy venue statute to differ from the general rules of domicile established in federal diversity jurisdiction cases. Although the Panel in Donald was considering the meaning of "domicile" in the context of the bankruptcy venue statute (28 U.S.C. § 1408), we have no reason to believe it would have a different meaning in the context of § 522(b)(3)(A). See In re Donald, 328 B.R. at 202 n.6 (recognizing that the "domicile" decisions under § 522(b) are consistent with the "domicile" decisions under the Judicial Code, Title 28) (citing In re Lowenschuss, 171 F.3d at 684) (citing Lew, 797 F.2d at 752)). Therefore, we find Donald particularly instructive here.

"In general, domicile is one's permanent home, where one resides with the intention to remain or to which one intends to return and to which certain rights and duties are attached." Id. at 202 (citing Williamson v. Osenton, 232 U.S. 619, 625 (1914); Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); 13B Wright, Miller & Cooper § 3612). See also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) (domicile

-9-

is established by physical presence in a place with an intent to remain there); In re Urban, 375 B.R. at 888 n.14 ("For purposes of § 522(b) 'domicile' means actual residence coupled with a present intention to stay there.") (citing In re Lowenschuss, 171 F.3d at 684)); Cline v. Ford (In re Cline), 2015 WL 3988992, at *2 (9th Cir. BAP June 30, 2015) (same).

"Everyone has a domicile and nobody has more than one domicile at a time." In re Donald, 328 B.R. at 202 (citing Restatement (Second) Conflict of Laws (1988 Rev.) § 11). "Once established, domicile continues until superceded by another domicile." Id. (citing Restatement (Second) Conflict of Laws (1988 Rev.) § 19). See also Lew, 797 F.2d at 750 (a person's old domicile is not lost until a new one is acquired). A person may reside in one place and be domiciled in another. In re Donald, 328 B.R. at 202. "A change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely." Lew, 797 F.2d at 750. The party attempting to show a change in domicile has the burden of proof. Id. at 751.

When a person's domicile is in doubt, the difficult question is whether the individual had the requisite subjective intent. In re Donald, 328 B.R. at 203. Such inquiry is "essentially factual" in that it requires consideration of all the circumstances. Lew, 797 F.2d at 750. While one's own declaration regarding intent for purposes of domicile is pertinent, statements of intent are entitled little weight when inconsistent with objective facts. Id.

In Donald, after living in California for many years the

-10-

debtor moved to Georgia and resided there for several years. The debtor then returned to California for a 30-day job and stayed with a friend there. The debtor filed for bankruptcy in California while residing in Georgia, for the apparent purpose of curing the mortgage default on her Georgia residence. The debtor claimed that she had always intended to return to California and that California was the proper venue based on domicile. The debtor's sole evidence that she never relinquished her California domicile was a declaration to that effect.

The Panel affirmed the bankruptcy court's ruling that the objective evidence supported the contrary inference: that debtor had relinquished her California domicile and changed her domicile to Georgia. The debtor had owned a home in Georgia for several years, she remained there after her husband had died, her social security payments were directed to Georgia, and the purpose of the bankruptcy filing was to rescue the Georgia house. 328 B.R. at 203. The Panel further affirmed the bankruptcy court's finding that the debtor had not reestablished California as her domicile when she stayed with her friend for thirty days. Id. Notably, the debtor in Donald did not maintain a residence in California during her time in Georgia but yet still claimed California as her domicile. Nevertheless, the bankruptcy court made the initial inquiry of whether the debtor had relinquished her California domicile.

It appears here that the bankruptcy court assumed Debtor had relinquished her Arizona domicile when she moved to Florida and had not maintained a residence in Arizona; it focused only on whether Debtor had reestablished Arizona as her domicile when she

-11-

returned. To that extent, it erred. Instead, the court should have first determined whether Debtor had relinquished her Arizona domicile and changed her domicile to Florida. It may have done so implicitly, but such inquiry is "essentially factual," and the record lacked any "evidence" for the court to make a factual determination of domicile. The parties presented no actual evidence — not even a declaration — and the bankruptcy court made its decision based on the arguments and statements of "fact" in the pleadings. The court even stated that it was not considering Debtor's intent for its ruling, which would have necessitated an evidentiary hearing. The court made no findings to support a determination that Debtor had changed her domicile to Florida, other than the lack of an Arizona residence, which is insufficient.

We could perhaps avoid remand and affirm the bankruptcy court's ruling that Debtor changed her domicile to Florida, absent that express finding, if the record were complete. See Jess v. Carey (In re Jess), 169 F.3d 1204, 1208-09 (9th Cir. 1999) (bankruptcy court not making required findings under Civil Rule 52, incorporated by Rule 7052, does not compel remand if a complete understanding of the issues may be had without the aid of supplemental findings). However, without any sort of evidentiary record, we are unable to do so.

Therefore, the bankruptcy court's ultimate finding that Debtor had changed her domicile to Florida is not supported by the record and was therefore clearly erroneous. Accordingly, we must vacate and remand the Exemption Order for the court to determine whether Debtor relinquished her Arizona domicile and changed her

-12-

domicile to Florida, which will require an evidentiary hearing.

In determining a person's domicile, the court can consider a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes. Lew, 797 F.2d at 750.

## VI. CONCLUSION

Based on the foregoing reasons, we VACATE and REMAND the Exemption Order for the bankruptcy court to make the appropriate findings after receiving evidence on the issues at hand.

-13-