NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  PETER EMANUEL KVASSAY, Debtor, ——————————————————— PETER EMANUEL KVASSAY, Appellant, v. ROBERT KVASSAY, Trustee of the Kvassay Family Trust Dated February 26, 1993; et al., Appellees. | No.    16-60082 BAP No. 15-1420 MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Kurtz, and Taylor, Bankruptcy Judges, Presiding

Submitted February 8, 2018[**]
Pasadena, California

Before:  REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Chapter 7 debtor Peter Kvassay ("Peter") appeals from the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's denial of his motion for an order to show cause why his brother, Robert Kvassay ("Robert"), trustee of the Kvassay Family Trust, should not be held in contempt for allegedly violating a discharge injunction under 11 U.S.C. § 524. We review de novo decisions of the BAP, and for an abuse of discretion a bankruptcy court's decision whether to award sanctions. *DeVille v. Cardinale (In re DeVille)*, 361 F.3d 539, 547 (9th Cir. 2004). As the parties are familiar with the facts, we do not recount them here. We affirm.

We agree with the BAP that the bankruptcy court did not abuse its discretion by denying Peter's contempt motion. Robert could not have violated the discharge injunction under 11 U.S.C. § 524 because the injunction was not applicable to the debts at issue, as Robert had filed a timely dischargeability action under 11 U.S.C. § 523(a)(4) and (6). *See Boeing N. Am., Inc. v. Ybarra (In re Ybarra)*, 424 F.3d 1018, 1027 n.11 (9th Cir. 2005) (affirming "the BAP's determination that [the creditor] did not violate the discharge injunction" because "these debts would not have been subject to the injunction" since the creditor "was attempting to collect debts that the bankruptcy court held were not discharged"); *see also Ackerman v. Eber (In re Eber)*, 687 F.3d 1123, 1128 (9th Cir. 2012) (stating that "§ 524 does

2

not enjoin creditors who have successfully invoked § 523, which provides a list of exceptions to discharge, from taking action").

We also agree with the BAP that any error by the bankruptcy court in summarily denying Peter's contempt motion without articulating any findings was harmless because at a hearing in the related dischargeability action the court provided a clear basis for its ruling. *See Jess v. Carey (In re Jess)*, 169 F.3d 1204, 1208-09 (9th Cir. 1999) (rejecting debtor's argument that the bankruptcy court's "sparse" findings required a remand because no additional findings were necessary "to understand the issues completely and to render judgment"); *see also Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 919-20 (9th Cir. BAP 2011) ("Even when a bankruptcy court does not make formal findings . . . the [appellate court] may conduct appellate review 'if a complete understanding of the issues may be obtained from the record as a whole or if there can be no genuine dispute about omitted findings.'" (citation omitted)).

Contrary to Peter's argument, the bankruptcy court was not required to issue an order to show cause under Local Rule 9020-1 because the court explicitly told Robert that he did not need to file an opposition and Robert was not required to respond under Federal Rule of Bankruptcy Procedure 9014(a). *See* Fed. R. Bankr. P. 9014(a) ("No response is required [to a contested matter motion] under this rule unless the court directs otherwise."). Finally, contrary to Peter's

contention, an evidentiary hearing was unnecessary because the bankruptcy court denied his contempt motion on a legal, not a factual, basis.

**AFFIRMED**.